Francis A. SENN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A01–0110–PC–387.

Court of Appeals of Indiana.

April 26, 2002.

---

Katharine C. Liell, Stacy R. Uliana, Liell & McNeil Attorneys PC, Bloomington, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Francis Senn (Senn), appeals the trial court's denial of his Motion to Correct Erroneous Sentence.

We affirm in part, reverse in part, and remand.[1]

### ISSUES

Senn raises five issues on appeal, which we consolidate and restate as follows:

1. Whether the trial court erred by not giving him credit time for his time served in jail.

2. Whether the trial court erred by not crediting his sentence with time served on home detention.

3. Whether the trial court erred by not crediting his sentence with credit time and time served on work release.

### FACTS AND PROCEDURAL HISTORY

On May 11, 1993, the State filed informations against Senn, charging him with Count I, criminal recklessness, a Class D felony, Ind.Code § 35–42–2–2; Count II, intimidation, a Class C felony, I.C. § 35–43–2–1; and Count III, public intoxication, a Class B misdemeanor, I.C. § 7.1–5–1–3. On October 29, 1993, Senn plead guilty to Count II, intimidation, and was committed to the Indiana Department of Correction for a period of eight (8) years, with six (6) years suspended to be served on probation.

On February 10, 1995, while on probation and after Senn had served his time with the Indiana Department of Correction, the State filed a Petition to Revoke Probation. Senn admitted to violating the terms of his probation. On April 5, 1995, the trial court extended Senn's probation and placed him on probation for six (6) years beginning April 5, 1995. Further, the trial court ordered the first nine (9) months of probation to be served on work release and the next six (6) months to be served on home detention. The trial court noted that Senn "receives fifty-three (53) days credit." (Appellant's App. p. 72).

---

1. Appellant's Motion to Set Cause for Oral Argument denied.

According to Bartholomew County Community Corrections, Senn completed 217 days of work release, April 6, 1995—November 8, 1995. Senn also completed seventy-nine (79) days of home detention, November 9, 1995—January 26, 1996.

On January 14, 1999, the State filed another Petition to Revoke Probation. On May 3, 1999, the trial court ordered Senn to be held in the Bartholomew County Jail without bond until his initial hearing. On August 30, 1999, Senn filed a Motion for Release from Incarceration and for Placement on House Arrest Program. On November 18, 1999, Senn admitted to violating the terms of his probation. That same day, the trial court ordered Senn to be "released from the Bartholomew County Jail pending the disposition in this cause on the following conditions: 1. The defendant is placed on home detention through the Bartholomew County Community Corrections Office and follow[s] all rules of home detention." (Appellant's App. p. 141). According to the Bartholomew County Community Corrections, Senn completed 315 days of home detention, November 19, 1999—September 28, 2000.

On March 15, 2001, the State filed a Petition to Revoke Probation/Community Corrections. On March 27, 2001, Senn admitted to violating the terms of his probation. That same day, the trial court ordered that Senn be "remanded to the custody of the Bartholomew County Sheriff pending the disposition in this cause." (Appellant's App. p. 163). On May 3, 2001, the trial court found that Senn violated the terms of his probation. The trial court ordered Senn's "probation revoked and he serve the balance of his sentence in the appropriate institution. The defendant receives 273 days credit toward his sentence." (Appellant's App. p. 175).

On June 15, 2001, Senn filed his Motion to Correct Erroneous Sentence. In his motion, Senn stated:

As a result of probation violations, Senn served two hundred and seventy-three (273) days in the Bartholomew County Jail, two hundred and seventeen (217) days on work release as a condition of probation, seventy-nine (79) days on home detention as a condition of probation, and three hundred and fifteen days (315) on home detention as a condition of pretrial release.

(Appellant's App. p. 186). With this in mind, Senn argued that pursuant to I.C. § 35–50–6–3, he was owed 546 days of credit for the 273 days he served in the Bartholomew County Jail. He also argued that he was owed 79 days of credit for his time served on home detention as a condition of probation. Senn maintained that he was owed 315 days of credit for his time served on home detention as a condition of pretrial release. Further, he contended that he was owed 434 days of credit for the 217 days he served on work release as a condition of probation. Alternatively, Senn argued that he was, at least, entitled to 217 days of credit for his time served on work release as a condition of probation.

On September 4, 2001, a hearing was held on Senn's Motion to Correct Erroneous Sentence. Regarding Senn's argument that he was owed 546 days of credit for the 273 days he served in the Bartholomew County Jail, the following exchange took place between the trial court, the State and Senn's counsel:

JUDGE GUTHRIE:

Is it not true that if he's in jail for 273 days incarceration, he gets another day for each one of those, but will not the Department of Corrections [sic] make that calculation anyway?

MRS. BURNS [the State]:

That was going to be one of my arguments, your Honor. What the abstract of judgment calls for and always calls for is the number of days confined prior to sentencing, which is correctly reflected on the abstract is 273 days. The Department of Corrections [sic] will assess the good time during the service of the . . . of the sentence.

JUDGE GUTHRIE:

If I put four hundred or five hundred and whatever, then he'll get four to one?

MRS. BURNS:

Yes. Yes.

MS. ULIANA [Senn's counsel]:

Hold on. Excuse me, you Honor. Oh, they automatically double that. But he hasn't . . . he might not even make it to DOC though. I mean . . .

JUDGE GUTHRIE:

Well, wherever he is, the jail or whatever, will . . . since the order says he served 273, they'll give him 273 good time credit. They'll figure that. I don't . . . I don't ever figure that.

MS. ULIANA:

Your Honor, also . . . why . . .

JUDGE GUTHRIE:

So anyway . . . that's my understanding and . . . that's automatic.

MS. ULIANA:

Okay, then . . . we agree with that.

MS. BURNS:

That's always been my understanding, yes.

MS. ULIANA:

Then we agree with that.

(Appellant's App. pp. 246–247). The trial court took the matter under advisement. On September 18, 2001, the trial court denied Senn's Motion to Correct Erroneous Sentence.

Senn now appeals.

## DISCUSSION AND DECISION

### I. Motion to Correct Erroneous Sentence

■ Senn argues that the trial court erred in denying his Motion to Correct Erroneous Sentence. In *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g denied,* our supreme court held that "a motion to correct sentence is appropriate where the sentence is erroneous on its face and that facial error occurs when the sentence violates express statutory authority." Additionally, our supreme court held that a "trial court's ruling upon a motion to correct sentence is subject to appeal by normal appellate procedures. While this Court will defer to the trial court's factual finding, reviewing only for abuse of discretion, we will review a trial court's legal conclusions under a *de novo* standard of review." *Id.* (citation omitted). Moreover, this court held that a "sentencing error may be raised for the first time on appeal. Courts have a duty to correct an erroneously imposed sentence." *Watkins v. State,* 588 N.E.2d 1342, 1344 (Ind.Ct.App. 1992) (citation omitted).

### II. Credit for Time Served and Credit Time

■ Senn argues that he was owed 546 days of credit for the 273 days he served in the Bartholomew County Jail. I.C. § 35–50–6–4(a) provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." Furthermore, I.C. § 35–50–6–3(a) provides: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Because presentence jail time credit is a matter of statutory right, a trial court generally does not have discretion in awarding or denying such credit.

*Molden v. State,* 750 N.E.2d 448, 449 (Ind. Ct.App.2001), *reh'g denied.*

The State agrees that a defendant is entitled to credit time[2] for the days on which he was incarcerated awaiting trial or sentencing. Moreover, the State does not dispute that Senn should receive credit time, as well as credit for time served. However, the State argues that:

> the trial court did not deny Defendant that credit time. The trial court agreed that Defendant was entitled to that credit time, but stated that the Department of Correction always doubles the number of days credited on the abstract of judgment to arrive at the actual amount of time credited against the sentence.

(Appellee's Brief p. 6). We recognize that the trial court stated that the Indiana Department of Correction calculates the number of days to which a defendant is entitled. We also recognize that Senn's counsel agreed with the trial court's interpretation of Senn's time served and credit time. Nonetheless, as stated above, this is not a discretionary matter. *See Molden,* 750 N.E.2d at 449. Therefore, if a mistake in Senn's credit time or time served is apparent, it is our duty to correct that mistake. *See Watkins,* 588 N.E.2d at 1344.

On March 29, 2001, the Bartholomew County Court Services Department filed a sentencing recommendation to the trial court. In its recommendation, the Bartholomew County Court Services Department stated, in pertinent part, as follows:

**2.** In *Purcell v. State,* 721 N.E.2d 220, 223 (Ind.1999), *reh'g denied,* our supreme court stated that "credit time" means "good time credit," not credit for time served.

**3.** Of course, Senn's credit time is contingent upon his good behavior. As this court held in

Further the Court Services Department has calculated the following as credit time earned on the current cause.

1.) 10–14–94—Defendant released from the IDOC with a six-year suspended sentence

2.) 02/11/95—04/05/95—Served in BCJ for violation of probation Days credit = 53 actual days (Per court order dated 04/05/95)

3.) 04/30/99—11/18/99—Served in BCJ for violation of probation Days credit = 203 actual days

4.) 03/13/01—current—Served in BCJ for violation of probation Days credit = 17 actual days (This calculated through 03/29/01)

**TOTAL ACTUAL DAYS CREDIT = 273**

(Appellant's App. p. 171) (emphasis supplied). While the dates do not precisely correspond with other notations in the Appellant's Appendix and/or Record, the total number of days does precisely correspond with the number of days Senn was credited by the trial court. Consequently, it appears that Senn was only credited for the ***actual*** number of days he served in jail, 273 days.

■ Because it is not clear whether the trial court properly credited Senn's sentence with time served and credit time, we must remand this cause to the trial court for a hearing to establish the amount of time Senn actually served in jail. If it is determined that Senn actually served 273 days in jail, he is owed one (1) day of credit time for each day he was imprisoned, *i.e.* a total of 546 days of credit.[3] *See* I.C. § 35–50–6–3(a).

*State v. Mullins,* 647 N.E.2d 676, 678 (Ind.Ct. App.1995), "[c]redit time is based upon the behavior of the prisoner. Receipt of credit is conditional upon continued good behavior and may be revoked."

## III. *Home Detention*

Next, Senn argues that he should be credited for the seventy-nine (79) days he served on home detention as a condition of probation. Additionally, Senn argues that he should be credited for the 315 days he served on home detention as a condition of pretrial release. At the outset, we note that this court has addressed the issue of home detention as a condition of probation and credit for time served on home detention in the past. It is apparent from the case law that there have been disagreements about credit time for home detention amongst various panels of this court. These disagreements have led to inconsistent case law. These inconsistencies were recognized and acted upon by our legislature.

### A. *Home Detention as a Condition of Probation*

In *Dishroon v. State*, 722 N.E.2d 385 (Ind.Ct.App.2000), the defendant argued that the trial court erred by not crediting his sentence, with the credit time or time served, for the time that he spent on home detention as a condition of probation. The *Dishroon* court held that a defendant who has spent time on home detention as a condition of probation is owed credit for time served. The court reasoned as follows:

> In *Wharff v. State*, 691 N.E.2d 205 (Ind. Ct.App.1998), *trans. denied*, Wharff argued that "the distinction between the statutory term 'credit time' and the 'concept of credit for time served' has been blurred...." *Id.* at 206. Wharff was sentenced to five years after pleading guilty to burglary. *Id.* at 205. His sentence was suspended, but he was placed on probation for five years, the first 180 days of which he was to be on electronically monitored home detention. *Id.* When Wharff's probation was revoked, the trial court determined that he

was not entitled to credit for the time he served in electronic home monitoring. *Id.* We correctly noted that Indiana Code section 35–50–6–6(a) does not allow a defendant to earn good time credit while on probation when we stated that "we have consistently and unambiguously held that a person placed on home detention as a condition of probation is not entitled to [good time] credit...." *Id.* at 206. We agree with this general proposition. However, the court further noted that Wharff did not cite any statutory mandate to support his argument that he should receive credit for time actually served. Thus, the court concluded, "we cannot agree that home detention as a condition of probation constitutes 'time served.'" *Id.*

In *Kuhfahl v. State*, 710 N.E.2d 200 (Ind.Ct.App.1999), we held that "in determining whether a defendant is entitled to credit for time [actually] served [the relevant inquiry] is whether the defendant actually served any part of his sentence; that is, whether he was actually 'confined' for some period." *Id.* at 203. Because Kuhfahl's sentence was suspended and was not being served in the Department of Correction and because his home detention was a condition of his probation, we concluded that "Kuhfahl was never confined and, therefore, did not 'serve time.'" *Id.* Thus, we held that Kuhfahl was not entitled to credit for the time he actually served on home detention.

The Indiana Supreme Court recently addressed this issue in *Purcell v. State*, 721 N.E.2d 220 (Ind.1999). In *Purcell*, it was determined that "credit time," as used in Indiana statutes, "means good time credit, not credit for time served." 721 N.E.2d at 223. The court noted that its decision in *Franklin v. State*, 685 N.E.2d 1062 (Ind.1997), was wrong "[t]o

the extent that [it] h[e]ld that Ind.Code 35–38–2.6–6 prohibits an offender sentenced to home detention under a community corrections program from earning credit for time served. . . ." *Purcell,* 721 N.E.2d at 223–224. This decision has now clarified the confusion created by the use of the term "credit time." Because our prior decisions have blurred this distinction between credit for time actually served and credit time (or good time credit) and because of the recent decision in *Purcell,* we must now disagree with our prior decisions in *Wharff* and *Kuhfahl.*

*Id.* at 387–388. Additionally, the court reasoned:

Dishroon was restricted of his liberty while in home detention, and thus, regardless of whether home detention was a condition of probation or a part of his ordered sentence, he is entitled to one day credit for each day that he actually served on home detention.

\* \* \*

Regardless of whether the time served in home detention was a condition of probation, as in the instant case, or was the result of a community corrections placement, as in *Purcell,* the fact still remains that although the statutes involved provide that the defendant is not entitled to good time credit, they do not preclude giving credit for time actually served.

*Id.* at 388–389.

In *Palmer v. State,* 744 N.E.2d 525, (Ind.Ct.App.2001), *trans. pending,* the defendant argued that the trial court erred by not crediting his sentence for time served on electronically monitored home detention as a condition of probation. The *Palmer* court, noting that "reasonable minds can differ," disagreed with the *Dishroon* court's ruling, and held that the trial court did not err in denying the defendant credit for time served on electronically monitored home detention as a condition of probation. *Id.* at 530. The court reasoned as follows:

We note, however, that the "restriction of liberty" test applied by the court in *Dishroon* would effectively require a court to grant credit time for time served whenever it orders a person to attend, as a condition of probation, a facility that is defined as "home" for the purposes of probationary home detention and which results in some degree of restriction on that person's liberty. Thus, a logical extension of the *Dishroon* holding leads to the incongruous result that a person would be entitled to credit time for placement as a condition of probation in a "hospital, health care facility, hospice, group home, maternity home, [or] residential treatment facility" I.C. § 35–38–2.5–2. We do not believe that such result was intended by the legislature.

Moreover, we do not agree that the degree of denial of liberty suffered by the probationer on home detention is sufficient to warrant credit for time served. Unlike an individual incarcerated in a department of corrections facility, the probationer on home detention continues to enjoy the benefits and comforts of home living. These benefits include the freedom to set one's own schedule for eating, sleeping, and recreation, to determine what and when to eat, to watch television at one's leisure or engage in other in-home leisure activities, and to enjoy relatively unlimited visitation by family and friends. In addition, a defendant confined to his home does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population.

Furthermore, I.C. § 35–38–2.5–6, which outlines the restrictions on home detention as a condition of probation, provides several exceptions to the requirement of home confinement. Specifically, the statute provides that the probationer may venture beyond the home to obtain a variety of medical, psychiatric and counseling services, and to attend his or her place of employment, an educational institution or program, and a place of worship. By contrast, I.C. § 35–38–2.6, which pertains to orders for community corrections placements, contains no analogous provision providing for exceptions to the requirement of home detention. Therefore, we are compelled to conclude that the restrictions on individual liberty as a result of home detention in the probation context are not as great as restrictions placed on individual liberty in the community corrections program context.

In sum, after careful evaluation of the statutory provisions governing probation and community corrections programs, and after considering the objective of probation and the degree of restriction of liberty imposed on the probationer on home detention, we decline to follow the rationale set forth in *Dishroon*. Thus, we conclude that Palmer is not entitled to credit for the time he served on home detention as a condition of his probation.

*Id.* at 529–530. Additionally, the *Palmer* court stated:

> it is our hope that the General Assembly will visit this entire alternative-sentencing morass. We urge the General Assembly to engage in a full review of probation, community-based corrections, good time credit, and the contradictions between I.C. Chapter 2.5 and I.C. Chapter 2.6., in order to establish what public policy should be in this area and to resolve what is now a patchwork quilt of contradiction and confusion.

*Id.* at 530.

In *Martin v. State*, 748 N.E.2d 428 (Ind. Ct.App.2001), *trans. granted, opinion vacated by* 761 N.E.2d 415 (Ind. Aug.10, 2001), the defendant argued that the trial court erred in denying him credit for time served on home detention as a condition of probation. The *Martin* court held that the trial court did not err in denying the defendant credit for time served on home detention as a condition of probation. Although transfer has been granted and the opinion has been vacated in *Martin*, we note Judge Robb's dissent, in which she stated, in pertinent part, as follows:

> In *Dishroon*, we held that although a defendant serves time at home while on home detention, he or she is still being restricted of his or her liberty and therefore, he or she has the right to be credited for the time he or she actually served. *See Dishroon*, 722 N.E.2d at 389. Our decision in *Dishroon* was handed down on January 24, 2000. On January 16, 2001, Senate Bill No. 358 was first read. It provides that a person on home detention, as a condition of probation, shall receive credit for time served. Specifically, Senate Bill No. 358 (P.L. 166) states that effective July 1, 2001, Indiana Code section 35–38–2–3(h) shall be amended to read, "[i]f the court finds that the person has violated a condition of home detention at any time before termination of the period and the petition to revoke probation is filed within the probationary period, the court shall ... *provide credit for time served as set forth under* IC 35–38–2.5–5." Clearly, the purpose of this bill was to clarify, not change, our decision in *Dishroon*. Thus, I believe *Palmer*, to the extent that it disagrees with our holding in *Dishroon*, is incorrect. Further, I

find the distinction laid out in *Palmer* that home detention in the community corrections and the probation contexts are different, particularly deciding when a defendant on home detention is entitled to credit time, is also erroneous. Regardless of what context an individual is serving time on home detention, he is being restricted of his liberty and should be entitled to credit for the time served, thus, I further disagree with the *Palmer* decision. Our legislature has now made it clear that a person on home detention as a condition of probation shall receive credit for time served. Thus, I believe that Martin should receive credit for the 139 days he spent on home detention.

*Id.* at 431 (emphasis supplied).

Finally, as Judge Robb stated in her dissent in *Martin*, the Indiana Code has been amended, effective July 1, 2001, and now directly discusses the issue of credit for time served and home detention as a condition of probation. I.C. § 35–38–2.5–5 [4] provides, in pertinent part, as follows: "(e) A person confined on home detention as a condition of probation earns credit for time served." Additionally, I.C. § 35–38–2–3 [5] provides, in pertinent part, as follows:

> (h) If the court finds that the person has violated a condition of home detention at any time before termination of the period, and the petition to revoke probation is filed within the probationary period, the court shall:
>
> > (1) order a sanction as set forth in subsection (g); and
> >
> > (2) provide credit for time served as set forth under IC 35–38–2.5–5.

#### 1. *Senn's Home Detention as a Condition of Probation*

■ As previously stated, Senn served seventy-nine (79) days of home detention

as a condition of probation. With the above case and statutory law in mind, we find that the legislature has established that *Dishroon* is correct in its holding that a defendant shall receive credit for time served on home detention as a condition of probation. "The primary goal in interpreting the meaning of a statute is to determine and effectuate the legislative intent. To determine legislative intent, courts must consider the objectives and the purposes of the statute in question and the consequences of the statute's interpretation." *James v. State*, 755 N.E.2d 226, 230 (Ind.Ct.App.2001), *trans. denied* (citation omitted).

■ From this court, there are cases on both sides of this issue. There is no definitive case from our supreme court to help clarify whether a defendant shall receive credit for time served on home detention as a condition of probation. Consequently, it is clear that the legislature's amendments to I.C. § 35–38–2.5–5 and I.C. § 35–38–2–3 were made in an effort to clarify the law. Because of the legislature's amendments to these statutes, we find that the law has been clarified, and a defendant who has served time on home detention as a condition of probation is owed credit for time served. Therefore, we find that the trial court erred when it failed to properly credit Senn's sentence for time served on home detention as a condition of probation.

#### B. *Home Detention as a Condition of Pretrial Release*

Senn argues that he should be credited for the 315 days he served on home detention as a condition of pretrial release. While the case law on this issue is somewhat convoluted, it has been consistently

---

**4.** As amended by P.L. 137–2001, § 5 and P.L. 166–2001, § 2.

**5.** As amended by P.L. 166–2001, § 1.

held that a defendant is not credited for time served on home detention as a condition of pretrial release. In *Molden*, 750 N.E.2d at 450–451, Judge Najam gave a thoughtful analysis on the history of this issue:

In *Purcell*, the defendant pleaded guilty to Driving While Suspended as a Habitual Traffic Violator, and the trial court sentenced him to three years' electronic home detention under the supervision of a community corrections program. After spending 690 days on home detention, the defendant violated the terms of the program. The trial court revoked the home detention and ordered him to serve his original three-year sentence in prison. In doing so, the trial court declined to award the defendant sentence credit for the time served on home detention. Our supreme court disapproved and remanded to the trial court with instructions to credit the defendant with the 690 days he spent on home detention. *Id.* at 224. The court based its conclusion on Indiana Code Section 35–38–2.6–5, which reads in part: "If a person who is placed [in a community corrections program] violates the terms of the placement, the court may, after a hearing ... [r]evoke the placement and commit the person to the department of correction for *the remainder* of the person's sentence." (Emphasis added). The court concluded that the term "remainder" means that a defendant whose home detention has been revoked must receive credit for the time spent on home detention. *Id.* at 223. Otherwise, if a defendant were not entitled to credit for time served, the commitment would not be for the "remainder" of the offender's sentence but for the entire sentence. *Id.* The essential holding in *Purcell* is that a defendant *convicted and sentenced* to home detention is entitled to receive credit for time served against

any subsequent incarceration, if the court later revokes the home detention. Molden seeks to analogize *Purcell's* holding to this case. But unlike the defendant in *Purcell*, Molden had not yet been convicted and was serving a stint of pretrial home detention. The statutes the *Purcell* court relied on in reaching its decision clearly do not apply to circumstances where the defendant is on home detention awaiting trial or sentencing and seeks credit for time served against his eventual sentence. Indeed, the *Purcell* court noted that distinction when it commented in a footnote as follows:

Although not directly before us today, we have revisited the question [of pretrial home detention] and conclude that a trial court is within its discretion to deny a defendant credit toward [his] sentence for pretrial time served on home detention. Absent legislative direction, we believe that a defendant is only entitled to credit toward sentence for pretrial time served in a prison, jail[,] or other facility [that] imposes substantially similar restrictions upon personal liberty. In this regard, we return to and adopt Judge Sullivan's conclusion in [*Capes v. State*, 615 N.E.2d 450, 455 (Ind.Ct. App.1993)].

*Id.* at 224 fn. 6.

In *Capes*, this court concluded that a person who is confined in home detention awaiting trial should not earn sentence credit under Indiana Code Section 35–50–6–3. *Capes*, 615 N.E.2d at 455. We noted that time spent in home detention is not identical to time spent in jail or prison and held that only when a person has been confined in a prison, county jail, or any facility which imposes substantially similar restrictions upon personal liberty is a person entitled to

credit against his sentence for time served prior to trial. *Id.*

The question of sentence credit for pretrial home detention was not before the supreme court in *Purcell.* And the supreme court does not decide important questions of law in footnotes. *Allstate Indemnity Co. v. Brown,* 696 N.E.2d 92, 95 (Ind.Ct.App.1998). But the court squarely addressed the question, and it left no doubt how pretrial home detention should be treated when it adopted Judge Sullivan's conclusion in *Capes.* Accordingly, we hold in this case that the trial court acted within its discretion when it denied Molden sentence credit for time spent in pretrial home detention.

Even if we were to disregard the *Purcell* footnote on pretrial home detention, we would still reach the same result under *Franklin v. State,* 685 N.E.2d 1062 (Ind.1997), *overruled on other grounds by Purcell v. State,* 721 N.E.2d 220 (Ind.1999). There, the supreme court held that a defendant is not entitled to credit for time spent on pretrial home detention. *Id.* at 1064. While *Purcell* expressly overruled *Franklin,* it did so only "[t]o the extent that *Franklin* holds that Ind.Code § 35–38–2.6–6 prohibits an offender *sentenced* to home detention *under a community corrections program* from earning credit for time served." (Emphasis added.) *Purcell,* 721 N.E.2d at 223–24. *Purcell* did not overrule Franklin's holding with regard to pretrial home detention. As such, *Franklin* still appears to be good law on that issue.

*Id.* (emphasis supplied).

### 1. *Senn's Home Detention as a Condition of Pretrial Release*

■ Senn argues that "the legislature has spoken as to its intent that a person on home detention should receive credit for time served on home detention regardless of how it is ordered." (Appellant's Brief p. 21). It is true that the legislature has spoken on the issue of home detention. However, it has only spoken on the issue of home detention as it relates to it being a condition of probation. The legislature has been silent on the issue of home detention as a condition of pretrial release. Therefore, we must rely on the pertinent case law.

■ As previously stated, I.C. § 35–50–6–3(a) provides: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Because presentence jail time credit is a matter of statutory right, a trial court generally does not have discretion in awarding or denying such credit. *Molden,* 750 N.E.2d at 449. Nonetheless, it has been held that this statute only applies "when the defendant spent time in jail, and not in conjunction with any other means of restricted liberty, such as home detention." *Capes v. State,* 615 N.E.2d 450, 455 (Ind. Ct.App.1993), *trans. granted, opinion vacated by* 634 N.E.2d 1334 (Ind. May 26, 1994). The holding in *Capes* has been adopted by our supreme court in *Purcell,* 721 N.E.2d at 224 n. 6.

■ Senn additionally argues that "it is a violation of the Equal Privileges and Immunities Clause of the Indiana Constitution to treat those on home detention as a condition of pretrial release differently than as a condition of an executed sentence or probation." (Appellant's Brief p. 22). We disagree.

Ind. Const. Art. 1, § 23 provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

Further, in *Cowart v. State,* 756 N.E.2d 581, 583 (Ind.Ct.App.2001), *trans. denied,* this court held:

> In reviewing an alleged violation of the Privileges and Immunities Clause, our supreme court has established a two-part test. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. *Collins v. Day,* 644 N.E.2d 72, 80 (Ind.1994). Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Id.* Courts must exercise substantial deference to legislative discretion when determining whether a statute complies with Article I, Section 23. *Id.* Also, the burden is on the party challenging the statute to "negative [sic] every reasonable basis for the classification." *Id.*

With the above in mind, Senn may be right in his assertion that "home detention is home detention." (Appellant's Brief p. 22). However, Senn has not established that pretrial and/or presentence matters are the same as matters relating to defendants who are already convicted and sentenced. Thus, we cannot find that home detention as a condition of pretrial release is "upon the same terms" as home detention as a condition of probation. *See* Ind. Const. Art. 1, § 23.

Based on the foregoing, it is our determination that the trial court did not err when it refused to credit Senn's sentence for time served on home detention as a condition of pretrial release.

### IV. *Work Release as a Condition of Probation*

 Finally, Senn argues that the trial court erred by not crediting his sentence with credit time and time served on work release as a condition of probation. While on work release, Senn was incarcerated in the Bartholomew County Jail for 217 days. Senn was only allowed to leave the jail for the sole purpose of working.

As both Senn and the State point out, there is no case or statutory law that addresses the subject of work release as a condition of probation and credit for time served or credit time. Even though there is no case or statutory law that addresses the subject of work release as a condition of probation and credit time, I.C. § 35–50–6–6 is very clear as it states, in pertinent part, that "*a person does not earn credit time while on parole or probation.*" *Id.* (emphasis added). Thus, the trial court did not err when it refused to give Senn credit time for the time he spent on work release as a condition of probation.

While this court has held that "those sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion," we must find that the trial court erred when it failed to credit Senn for time served on work release as a condition of probation. *Molden,* 750 N.E.2d at 449. It would be illogical to hold otherwise.

As previously stated, the legislative amendments to the Indiana Code dealing with credit for time served and home detention as a condition of probation were in direct response to the inconsistent case law. These amendments established *Dishroon* as the pertinent case law on this subject. The *Dishroon* court held that "although a defendant is serving time at home, he or she is still being restricted of his or her liberty. . . . Thus, although he is not entitled to good time credit for the time he served in home detention, he does have the right to be credited for the time he actually served." *Id.* at 389. If we are to consider home detention as a restriction of liberty, we must consider work release

as a restriction of liberty. On home detention, though monitored, Senn was allowed to be at home. However, on work release, Senn was in jail, except during the time that he was at work. Obviously, Senn's liberty while on work release was greatly restricted.

As previously stated, the *Palmer* court, in its assessment of why home detention as a condition of probation is not deserving of credit for time served, found:

> Unlike an individual incarcerated in a department of correction's facility, the probationer on home detention continues to enjoy the benefits and comforts of home living. These benefits include the freedom to set one's own schedule for eating, sleeping, and recreation, to determine what and when to eat, to watch television at one's leisure or engage in other in-home leisure activities, and to enjoy relatively unlimited visitation by family and friends. In addition, a defendant confined to his home does not suffer the same surveillance and lack of privacy associated with becoming a member of an incarcerated population.

*Id.* at 530. The same cannot be said of work release as a condition of probation. Except during the time in which he was at work, Senn was a member of an incarcerated population subject to surveillance and lack of privacy.

Accordingly, it is our determination that a defendant on work release as a condition of probation is deserving of credit for time served, as he is subject to a restriction of liberty equivalent to or even greater than that of a defendant who is on home detention as a condition of probation. Therefore, we find that the trial court erred when it failed to properly credit Senn's sentence for time served on work release as a condition of probation.

*CONCLUSION*

Based on the foregoing, we conclude that the trial court did not err when it refused to credit Senn's sentence for time served on home detention as a condition of pretrial release. We also conclude that the trial court did not err when it refused to give Senn credit time for the time he spent on work release as a condition of probation. However, it is our determination that the trial court erred when it failed to properly credit Senn's sentence for time served on home detention as a condition of probation and for time served on work release as a condition of probation. Moreover, because it is not clear whether the trial court properly credited Senn's sentence with time served and credit time for the time he spent in jail, we remand this cause to the trial court for a hearing to establish the amount of time Senn actually served in jail and how much credit time, if any, he deserves.

Affirmed in part, reversed in part, and remanded.

BROOK, C.J., and MATHIAS, J., concur.