**Vincent HATCHETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0211–PC–530.

Court of Appeals of Indiana.

Aug. 29, 2003.

Vincent Hatchett, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Vincent Hatchett appeals the denial of his motion to correct erroneous sentence. We affirm.

### Issue

Hatchett raises three issues, which we consolidate and restate as whether the trial court erred in denying his motion.

### Facts and Procedural History [1]

■ On February 9, 2000, the trial court convicted Hatchett of unlawful possession of a firearm by a serious violent felon,[2] a Class B felony, and of carrying a handgun without a license [3] as a Class A misdemeanor. On March 10, 2000, the trial court sentenced Hatchett to concurrent sentences of fourteen years and one year, respectively, with five years of the fourteen-year sentence suspended to probation. In its abstract of judgment, the trial court recorded that Hatchett had been confined 193 days prior to sentencing. *See* Appellant's App. at 32.[4]

On July 17, 2002, Hatchett filed pro se a petition for post-conviction relief. Appellant's App. at 21–22. On July 30, 2002, Hatchett filed pro se a motion to correct erroneous sentence in which he claimed that "the sentencing court failed to award credit time in addition to actual time served on the Abstract of Judgment." *Id.* at 30. On July 30, 2002, an unknown author (presumably the trial court) entered and initialed the following handwritten notation on Hatchett's motion to correct erroneous sentence: "Denied. DOC [Department of Correction] gives credit time based on jail time actually served." *Id.*[5] The chronological case summary indicates that the trial court denied Hatchett's petition for post-conviction relief in an or-

---

1. Indiana Appellate Rule 46(A)(5) provides that an appellant's statement of the case "shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of these issues by the trial court or Administrative Agency." The statement of the case in Hatchett's brief is essentially a reformulation of his argument. Also, Hatchett has failed to "include for each issue a concise statement of the applicable standard of review" in contravention of Indiana Appellate Rule 46(A)(8)(b). We caution Hatchett that "even pro se litigants without legal training ... are required to follow procedural rules." *Wright v. State,* 772 N.E.2d 449, 463 (Ind.Ct. App.2002).

2. Ind.Code § 35–47–4–5.

3. Ind.Code §§ 35–47–2–1, 23(c).

4. On direct appeal, a panel of this court affirmed Hatchett's Class B felony conviction and remanded with instructions to vacate his Class A misdemeanor conviction and to conduct a new sentencing hearing. *Hatchett v. State,* 740 N.E.2d 920, 929 (Ind.Ct.App.2000), *trans. denied* (2001). On May 10, 2001, the trial court vacated Hatchett's Class A misdemeanor conviction and sentenced him to ten years on the Class B felony conviction, with two years thereof suspended. Neither party mentions the appeal in their respective appellate briefs.

5. The chronological case summary does not indicate that the trial court ruled on Hatchett's motion to correct erroneous sentence.

der dated July 31, 2002. *Id.* at 23.[6] Hatchett now appeals the denial of his motion to correct erroneous sentence.

## Discussion and Decision

■■■ Initially, we observe that a petition for post-conviction relief is the preferred procedure for presenting a sentencing error. *Funk v. State,* 714 N.E.2d 746, 748 (Ind.Ct.App.1999), *trans. denied.* Nevertheless, a motion to correct erroneous sentence "is appropriate where the sentence is erroneous on its face and that facial error occurs when the sentence violates express statutory authority." *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind. 2000).

As recorded in the abstract of judgment, Hatchett's sentence is not facially erroneous. The abstract indicates that Hatchett received a statutorily authorized sentence for a Class B felony. *See* Ind.Code § 35–50–2–5 ("A person who commits a Class B felony shall be imprisoned for a fixed term of ten (10) years, with not more than years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances[.]").

■■■ Nonetheless, Hatchett claims that he "has received only credit for actual time imprisoned and has not received credit for one day of credit for each day served for being in Credit Class I." Appellant's Br. at 6 (emphasis omitted). Hatchett correctly notes that a person imprisoned awaiting trial or sentencing is initially assigned to

Class I for credit time purposes. *See* Ind. Code § 35–50–6–4(a). Indiana Code Section 35–50–6–3(a) provides that a person assigned to Class I earns one day of credit time ("good time credit") for each day he is confined awaiting trial or sentencing ("time served"). Hatchett also correctly notes that a trial court's judgment of conviction "must include ... the amount of credit, *including credit time earned,* for time [the convicted person] spent in confinement before sentencing[.]" Ind.Code § 35–38–3–2(b)(4) (emphasis added).[7]

In *Risner v. Indiana Parole Board,* 779 N.E.2d 49, 52 (Ind.Ct.App.2002), we noted that

> Indiana Code section 35–38–3–2 requires that a trial court certify the judgment of conviction to the receiving authority [in Hatchett's case, the Department of Correction] and provides for the content of that certification. In Indiana, trial courts use the Abstract of Judgment to convey the final judgment to the receiving authority.

> Therefore, it is the Abstract of Judgment which embodies the final judgment of the trial court.

Hatchett's abstract of judgment contains an entry for "No. of days confined prior to sentencing" but does not contain an entry for Class I credit time. Appellant's App. at 32. At most, this is a ministerial omission that does not render Hatchett's sentence facially erroneous; neither does it

---

6. The State contends that Hatchett has forfeited review of his claim by "fail[ing] to provide the trial court's rulings on his petitions for post-conviction relief." Appellee's Br. at 4. Hatchett claims that "[h]e has provided a complete record of what he received from the clerk of the Marion County Court." Appellant's Reply Br. at 1. Given the confused (and confusing) state of the record before us, we

choose to address the merits of Hatchett's argument. Assuming, *arguendo,* that the trial court never ruled on Hatchett's motion to correct erroneous sentence, it would have been deemed denied as a repetitive motion under Trial Rule 53.4(B).

7. Hatchett's judgment of conviction does not appear in the record.

indicate that he "has received only credit for actual time imprisoned," as he claims. Appellant's Br. at 6 (emphasis omitted). *See Campbell v. State,* 714 N.E.2d 678, 683–84 (Ind.Ct.App.1999) ("It is evident that the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the DOC.") (footnote omitted); *see also Molden v. State,* 750 N.E.2d 448, 449 (Ind.Ct.App.2001) ("Because pre-sentence jail time is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit."); Ind.Code § 35–50–6–5 (outlining grounds and procedure for depriving person of credit time).

We do not mean to suggest, however, that trial courts may routinely disregard the requirements of Indiana Code Section 35–38–3–2(b)(4). Given that a judgment of conviction must include "the amount of credit, including credit time earned, for time [the convicted person] spent in confinement before sentencing," and that an abstract of judgment embodies the final judgment of the trial court, it follows that an abstract of judgment must include this information as well. Nevertheless, as we have already concluded, a trial court's failure to record a defendant's credit time earned/ "good time credit" in its abstract of judgment does not render the defendant's sentence facially erroneous.[8]

Affirmed.

SHARPNACK, J., and BAKER, J., concur.

---

8. In *Senn v. State,* 766 N.E.2d 1190 (Ind.Ct. App.2002), upon which Hatchett relies, the trial court revoked Senn's probation and gave him " '273 days credit toward his sentence' " for time served in jail. *Id.* at 1193. Senn filed a motion to correct erroneous sentence in which he claimed, *inter alia,* that "he was owed 546 days of credit for the 273 days he served in [jail]." *Id.* The trial court denied Senn's motion. A panel of this court (including the author of this opinion) noted that " '[c]ourts have a duty to correct an erroneously imposed sentence[,]' " that "presentence jail time credit is a matter of statutory right," and that "if a mistake in Senn's credit time or time served is apparent, it is our duty to correct that mistake." *Id.* at 1195 (citation omitted). "Because it [was] not clear whether the trial court properly credited Senn's sentence with time served and credit time," the *Senn* court remanded for a hearing "to establish the amount of time Senn actually served in jail. If it is determined that Senn actually served 273 days in jail, he is owed one (1) day of credit time for each day he was imprisoned, *i.e.* a total of 546 days of credit." *Id.* (footnote omitted). In retrospect, it is evident that Senn's sentence was not facially erroneous, i.e., that it did not violate express statutory authority.