**Quinn ROBINSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–0307–PC–255.**

Court of Appeals of Indiana.

Dec. 11, 2003.

Rehearing Denied Jan. 27, 2004.

Quinn Robinson, Miami Correctional Facility, Bunker Hill, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Quinn Robinson appeals the denial of his motion to correct erroneous sentence. We affirm.

### Issue

The dispositive issue is whether the trial court's failure to record Robinson's presentence good time credit in its abstract of judgment rendered Robinson's sentence facially erroneous.

### Facts and Procedural History[1]

On September 19, 1996, Robinson pleaded guilty to one count of Class B felony voluntary manslaughter. On October 17, 1996, Judge Pro Tempore T. Edward Page

---

1. Indiana Appellate Rule 51(D) provides that "[a]ll Appendices shall be bound separately from the brief." Not only has Robinson bound his appendix within his appellant's brief, but he has also failed to number its pages or include a separate table of contents as required by Appellate Rules 50(C) and 51(C). We caution Robinson that "even pro se litigants without legal training ... are required to follow procedural rules." *Wright v. State*, 772 N.E.2d 449, 463 (Ind.Ct.App.2002).

sentenced Robinson to twenty years' incarceration and credited him with 192 days "previously spent in confinement as a result of the charge in this cause." Appellant's App. (sentencing order). In the abstract of judgment, Judge Page recorded that Robinson had been confined 192 days "prior to sentencing." *Id.* (abstract of judgment).

On June 9, 2003, Robinson filed pro se a motion to correct erroneous sentence. In his motion, Robinson correctly noted that "[a] person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I" for credit time purposes. *Id.* (motion to correct erroneous sentence) (quoting Ind.Code § 35–50–6–4(a)). Robinson also correctly noted that "[a] person assigned to Class I earns one (1) day of credit time [also known as "good time credit"] for each day he is imprisoned for a crime or confined awaiting trial or sentencing." *Id.* (quoting Ind. Code § 35–50–6–3(a)). Robinson further observed that in the abstract of judgment, Judge Page had recorded only the number of days he had been confined prior to sentencing ("time served"). From this, Robinson concluded that Judge Page had "improperly credited [his] sentence with time served and credit time" and requested either an evidentiary hearing or an amendment of the abstract of judgment to reflect a total of 384 days' credit against his sentence. *Id.*

That same day, Judge Clarence D. Murray summarily denied Robinson's motion.[2] Robinson now appeals.

### Discussion and Decision

■■■ A petition for post-conviction relief, rather than a motion to correct erroneous sentence, is the preferred procedure for presenting a sentencing error. *Funk v. State,* 714 N.E.2d 746, 748 (Ind.Ct.App. 1999), *trans. denied.* A motion to correct erroneous sentence is appropriate, however, "where the sentence is erroneous on its face and that facial error occurs when the sentence violates express statutory authority." *Reffett v. State,* 571 N.E.2d 1227, 1229 (Ind.1991). As the relevant facts are undisputed, we review the denial of Robinson's motion de novo as a pure question of law. *See Reese v. Reese,* 696 N.E.2d 460, 462 (Ind.Ct.App.1998).

■ The essence of Robinson's argument is that Judge Page's failure to record his pre-sentence good time credit in the abstract of judgment rendered his sentence facially erroneous and that Judge Murray therefore should have granted his motion to "correct that mistake[.]" Appellant's Br. at 4. We disagree. In *Hatchett v. State,* 794 N.E.2d 544 (Ind.Ct.App.2003), this panel acknowledged that a trial court's judgment of conviction "must include ... the amount of credit, *including credit time earned,* for time spent in confinement before sentencing[.]" *Id.* at 546 (quoting Ind.Code § 35–38–3–2(b)(4)) (alteration omitted).[3] We further acknowledged that

Indiana Code section 35–38–3–2 requires that a trial court certify the judgment of conviction to the receiving authority and provides for the content of that certification. In Indiana, trial courts use the Abstract of Judgment to convey the final judgment to the receiving authority.

---

2. Robinson claims that "[t]he trial court disagree[d] that [he] is entitled to credit time for the days on which he was incarcerated ... awaiting trial or sentencing." Appellant's Br. at 4. On the contrary, Judge Murray's order expresses no opinion on the matter.

3. Robinson's judgment of conviction does not appear in either his brief or appendix. As such, we are unable to determine whether Judge Page complied with Indiana Code Section 35–38–3–2(b)(4).

Therefore, it is the Abstract of Judgment which embodies the final judgment of the trial court.

*Id.* (quoting *Risner v. Indiana Parole Bd.,* 779 N.E.2d 49, 52 (Ind.Ct.App.2002)) (alteration omitted).

As in *Hatchett,* Robinson's abstract of judgment contains an entry for "No. of days confined prior to sentencing" but does not contain an entry for pre-sentence good time credit. In *Hatchett,* we characterized this as a ministerial omission that does not render a defendant's sentence facially erroneous and does not indicate that the defendant received only credit for time served, as Robinson suggests.[4] *Id.* at 546–47 (quoting *Campbell v. State,* 714 N.E.2d 678, 683–84 (Ind.Ct.App.1999) ("It is evident that the deprivation or restoration of a person's credit time is a discretionary matter entrusted not to the courts but to the administrators of the [Department of Correction].") (footnote omitted); *Molden v. State,* 750 N.E.2d 448, 449 (Ind. Ct.App.2001) ("Because pre-sentence jail time is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit."); *and* Ind.Code § 35–50–6–5 (outlining grounds and procedure for depriving person of credit time)).

Simply because a trial court failed to record a defendant's pre-sentence good time credit in its judgment of conviction or abstract of judgment does not mean that the defendant failed to receive pre-sentence good time credit.[5] Given the recent slew of pro se appeals that our court has considered on this issue, it is reasonable to infer that both trial courts and counsel assume that the Department of Correction ("DOC") determines a defendant's pre-sentence good time credit by referring to the number of days the defendant was confined prior to sentencing as recorded in the abstract of judgment. *See, e.g., Senn v. State,* 766 N.E.2d 1190, 1193–94 (Ind.Ct. App.2002) (conversation among trial court and counsel regarding determination of good time credit). In this case, as in

---

4. In *Crow v. State,* 797 N.E.2d 319 (Ind.Ct. App.2003), another panel of this court disagreed with this characterization. *See id.* at 324–25 ("Under [Indiana Code Section 35–38–3–2], the trial court is charged with responsibility for determining whether the defendant is entitled to good time credit. Whether a defendant has earned good time credit at the local level is subject to the sound discretion of the trial court. But the trial court does not have discretion whether or not to make that determination at the time of sentencing."). Be that as it may, we maintain that the trial court's failure to record a defendant's pre-sentence good time credit in its judgment of conviction or abstract of judgment does not render the defendant's sentence facially erroneous.

5. The State claims that "[a] sentencing judge only has the authority to make recommendations with respect to good time allowances and cannot enter a binding order circumventing the statutory process for calculating credit time." Appellee's Br. at 3 (citing *Kindred v.*

*State,* 771 N.E.2d 760, 763 (Ind.Ct.App. 2002)). We note, however, that *Kindred* relied on a 1979 case quoting the then-existing version of the good time credit statute:

Credit for time served—Good time allowance.—Whenever a person has been given credit pursuant to section 1 [35–8–2.5–1] of this chapter, any good time allowances to which such person is entitled under the laws of this state shall be computed as if the time for which credit has been allowed had been served after the sentence was imposed and in the place of confinement designated in such sentence or order of commitment. *The sentencing judge shall make recommendations as to credit for good time conduct for time spent in confinement prior to sentencing.*

*Leavell v. State,* 181 Ind.App. 69, 73, 391 N.E.2d 246, 248 (1979) (quoting Ind.Code § 35–8–2.5–5) (emphasis added). Our current good time credit statutes do not contain this language. *See* Ind.Code §§ 35–50–6–3, – 4. Therefore, we respectfully disapprove of *Kindred* on this point.

*Hatchett,* we have no way of knowing whether the DOC actually makes such a determination because Robinson did not seek an administrative determination of his good time credit. *See* Ind.Code § 35–50–6–5.5 ("A person who has been reassigned to a lower credit time class or has been deprived of earned credit time may appeal the decision to the commissioner of the department of correction or the sheriff."). More to the point, we have no way of knowing whether Robinson failed to receive pre-sentence good time credit, as he claims.

■ As previously mentioned, a motion to correct erroneous sentence is appropriate only "where the sentence is erroneous on its face, and that facial error occurs when the sentence violates express statutory authority." *Reffett,* 571 N.E.2d at 1229. Such violation of express statutory authority occurs, for example, when the sentence violates the terms of a plea agreement, as in *Reffett,* or when the sentence exceeds the statutory maximum for a particular penalty, as in a ten-year sentence for a Class D felony. A trial court's failure to record a defendant's pre-sentence good time credit in its judgment of conviction or abstract of judgment is not dispositive of whether the defendant failed to receive pre-sentence good time credit and thus does not render the defendant's sentence facially erroneous. Once a defendant is sentenced and incarcerated, his remedy for correcting an alleged error in the determination of his pre-sentence good time credit lies with the DOC, not with the trial court. Accordingly, we affirm the denial of Robinson's motion to correct erroneous sentence.

Affirmed.

SHARPNACK, J. concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent from the majority's holding that the trial court properly denied Robinson's Motion to Correct Erroneous Sentence. In a recent case, *Crow v. State,* 797 N.E.2d 319, 322 (Ind.Ct.App. 2003), a panel of this court held that Indiana Code section 35–38–3–2(b)(4), requires the trial court to include in its judgment of conviction both credit for time served and good time credit earned under Indiana Code section 35–50–6–3(a). The Court explained its rationale as follows:

> First, as a policy matter, once a defendant has been committed to the DOC, the DOC is in the best position to handle the assignment and modification of credit classes based on inmate behavior while incarcerated. Conversely, our case law on this issue fails to explain why the DOC is in the best position to assign credit time for a defendant who is a pre-trial detainee or awaiting sentencing in a local jail facility. Rather, the trial court, with assistance from the local sheriff, is in a better position to determine whether a defendant who has been incarcerated locally is entitled to Class I credit. The presumption is that the defendant earns Class I credit for each day he is incarcerated awaiting trial or sentencing. I.C. § 35–30–6–3(a). However, as we acknowledged in *Robinson [v. State],* 789 N.E.2d [965] at 968 [ (Ind.App.2003) ], under Indiana Administrative Code, title 210, rule 3–1–17, each sheriff is required to establish rules for inmate conduct and may, as a disciplinary action for violation of such rules, reassign prisoners to a lower credit time class or deprive them of earned credit time. Indeed, the Pre Sentence Investigation Report, which the county probation department submits to the trial court before sentencing, can easily include information for the court on the

defendant's behavior and the defendant's earned credit time while awaiting trial and sentencing.

Second, it made sense in cases decided under the former credit time statutes that our courts would defer to the DOC on issues of good time credit for defendants incarcerated awaiting trial and sentencing because, as we have already noted, under the old statutory scheme, a trial court could *only* make recommendations on credit time. However, the current credit time statutes do not limit the trial court's authority to that of making recommendations. And the judgment of conviction statute requires a trial court to include good time credit earned in its judgment of conviction. I.C. § 35–38–3–2(b)(4).

*Id.* at 323–24.

I find such reasoning persuasive and now reject the rationale espoused by the majority that is set forth in *Hatchett v. State*, 794 N.E.2d 544 (Ind.Ct.App.2003), wherein we determined that the omission of good time credit was only "ministerial"

and thus did not constitute error. I similarly recede from the position we advanced in *Best v. State*, No. 32A01–0305–PC–191, 797 N.E.2d 873 (September 24, 2003), an unpublished memorandum decision that cited *Hatchett* for the proposition that the trial court's omission of good time credit in the abstract of judgment was not error.

In light of *Crow*, I would find that it was error for the trial court to impose its sentence without giving Robinson 192 days of Class I good time credit, which he earned while in jail awaiting sentence under Indiana Code section 35–50–6–3(a). I would reverse and remand with instructions to issue a corrected Abstract of Judgment to reflect the good time credit Robinson has earned.