**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHERRY L. PRUITT, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 58A01-1206-CR-275 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE OHIO CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause Nos. 58D01-0707-FD-56, 58D01-0804-FC-3

**March 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Sherry Pruitt appeals the order that she serve 1095 days, which had been previously suspended, following revocation of her probation. Pruitt asserts the court ordered her to serve more days executed than the 365 days she had remaining on one of her suspended sentences. However, the court revoked Pruitt's probation under two cause numbers, not just one, and the combined number of days remaining on those two sentences was 1095. Thus, the order that she serve those days was not an abuse of discretion. Nevertheless, we remand for the court to correct the clerical error that resulted in Pruitt's confusion.

**FACTS AND PROCEDURAL HISTORY**

On September 28, 2008, the court ordered Pruitt to serve a three-year sentence with one year suspended to probation under cause FD-056 consecutive to eleven years with four years suspended under cause FD-003. Pruitt would serve five years of probation during the five years suspended under both cause numbers and would begin serving probation on release from incarceration.

On September 16, 2011, the State alleged Pruitt violated probation by failing to report to the Probation Department. After hearing evidence and finding that allegation true, the trial court revoked two years of her previously suspended sentence under FC-003, with the last 365 days of the revocation to be served on in-home detention.

On March 8, 2012, the State alleged Pruitt again violated probation by using marijuana. The trial court found Pruitt violated probation, and it ordered: (1) her 365 days of home detention converted to incarceration; (2) revocation of her remaining three years of suspended sentence (two from FC-003 and one from FD-056); and (3) the three revoked

2

years be served consecutive to the 365 days converted from home detention, for four total years of incarceration.

## DISCUSSION AND DECISION

After revoking probation, the trial court may order execution of all or part of a suspended sentence. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012); *see also* Ind. Code § 35-38-2-3(h)(3). Sentencing decisions for probation violations are reviewable for an abuse of discretion, which occurs "where the decision is clearly against the logic and effect of the facts and circumstances." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). A "judge should have considerable leeway in deciding how to proceed" after granting probation, because trial judges would hesitate to grant probation if their sentences were heavily scrutinized on appeal. *Id*.

Pruitt asserts the court ordered her to serve more days incarcerated than she had remaining on her sentence. The number of days remaining on a defendant's sentence is a question of law, not a matter left to the court's discretion. *Robinson v. State*, 799 N.E.2d 1202, 1204 (Ind. Ct. App. 2003) (where a sentence is challenged as erroneous on its face based on applicable statutes, it is a question of law). We review questions of law *de novo*. *Dawson v. State*, 938 N.E.2d 841, 844 (Ind. 2010).

Pruitt bases her sentencing argument on the fact that the abstract of judgment indicates the court ordered her to serve 1095 days following revocation of probation under cause number FD-056 only. However, the original and amended dispositional orders list both cause number 056 and cause number 003. (App. at 79, 86). Furthermore, the abstract of

3

judgment indicates Pruitt is to serve the sentence for FC-003 consecutive to FC-056, and three suspended years remained between *both* causes. It is apparent the trial court intended to revoke her suspended sentences under both causes and the reference on the abstract of judgment to only one cause was a clerical error.

Pruitt argues, in the alternative, that revoking all of the remaining time suspended on her sentence was an abuse of discretion under the circumstances and evidence presented. Pruitt acknowledges the trial court has no obligation to find or weigh mitigating factors, but she nevertheless argues mitigating factors demonstrate the trial court abused its discretion in this case. We cannot agree. Revocation of a previously suspended sentence is lawful when probation is violated. *See* Ind. Code. § 35-38-2-3(h)(3). Pruitt's use of marijuana permitted revocation of the three years she had remaining on probation. *See Alford*, 965 N.E.2d at 135 (violation of no-contact probation order justified execution of all remaining days in sentence).

We affirm the revocation of Pruitt's probation and the order that she serve incarcerated the three years remaining on her sentences. However, we remand for the court to enter a modified abstract of judgment that lists both cause numbers under which the revocation was adjudicated.

Affirmed and remanded.

ROBB, C.J., and PYLE, J., concur.

4