Rodney D. SNIDER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A04–0011–CR–497.

Court of Appeals of Indiana.

Aug. 2, 2001.

Transfer Denied October 17, 2001.

Nicholas C. Deets, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## MEMORANDUM DECISION

ROBB, Judge.

Rodney D. Snider pleaded guilty to operating a vehicle with a blood alcohol content of .10% or more, a Class C misdemeanor, and operating while intoxicated with a prior conviction, a Class D felony. Snider appeals the trial court's sentencing order. We affirm.

### Issue

Snider raises the following issue for our review: whether the trial court properly found that the minimum non-suspendable portion of Snider's sentence for a Class D felony was one year rather than six months.

### Facts and Procedural History

On October 3, 1998, Snider was arrested and on October 7, 1998, the State filed a four-count information against Snider, charging him with operating a vehicle while intoxicated as a Class A misdemeanor, operating a vehicle with a blood alcohol content of .10% or more ("operating per se"), a Class C misdemeanor, operating a vehicle while intoxicated as a Class D felony because of a prior operating while intoxicated conviction, and driving while license suspended, a Class A misdemeanor. Snider had been convicted on February 24, 1994 of operating while intoxicated and was released from that probation less than three years prior to this arrest.

Snider entered a plea of guilty to the following counts: operating per se, a Class C misdemeanor, and operating while intoxicated, a Class D felony. According to the plea agreement, Snider would receive an eighteen-month sentence, all suspended, with a maximum of one year of in-home detention and the remainder to be served under the standard terms and conditions of informal probation. The trial court accepted the plea agreement and, based on the State's request, ordered a pre-sentence investigation report. Because Snider had a prior felony conviction and was released from probation less than three years prior to this arrest, the pre-sentence investigation report recommended that Snider serve a minimum of one year on in-home detention followed by six months' probation.

On October 10, 2000, the trial court held a sentencing hearing. The conviction for operating per se was vacated, and Snider was sentenced only for the conviction of operating while intoxicated, a Class D felony. The trial court sentenced Snider to the Indiana Department of Correction for eighteen months, all suspended except for one year to be served on in-home detention, followed by six months' probation. Specifically, the trial court found that one year of the sentence was not suspendable under Indiana Code section 35–50–2–2.

### Discussion and Decision

#### Minimum Sentence

##### A.  Standard of Review

■ We initially note that the interpretation of a statute is a matter of law which we review de novo. *Clark v. Madden*, 725 N.E.2d 100, 104 (Ind.Ct.App. 2000). The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *Superior Constr. Co. v. Carr*, 564 N.E.2d 281 (Ind.1990). To do this we interpret the statute according to the ordinary and plain meaning of the language used, absent a clearly manifested purpose to do otherwise. *T.W. Thom Constr. v. City of Jeffersonville*, 721 N.E.2d 319, 324 (Ind.Ct.App. 1999).

##### B.  Minimum Sentencing Requirement

■ Snider claims that the trial court incorrectly concluded that the minimum non-suspendable portion of Snider's sen-

tence for his Class D felony conviction was one year rather than six months. The trial court sentenced Snider to a non-suspendable one year of in-home detention followed by six months' informal probation. The plea agreement provides that Snider would serve a "cap of one year" on in-home detention with the "remainder" to be served under informal probation. R. 55.

In its sentencing order, the trial court expressly relied on Indiana Code section 35–50–2–2–3 [sic], which we assume to be a mis-cite to Indiana Code section 35–50–2–2(b)(3). Indiana Code section 35–50–2–2 states that the trial court may suspend any part of a sentence for a felony. Ind.Code § 35–50–2–2(a). However, if "the crime committed was a Class D felony and less than three years have elapsed between the date the person was discharged from probation ... for a prior unrelated felony conviction and the date the person committed the Class D felony for which the person is being sentenced," the trial court "may suspend only that part of the sentence that is in excess of the minimum sentence." Ind.Code § 35–50–2–2(b), (b)(3). With respect to this specific circumstance, the trial court "may suspend the minimum sentence for the crime only if the court orders home detention ... instead of the minimum sentence specified for the crime." Ind.Code § 35–50–2–2(b)(3). Indiana Code section 35–50–2–1 defines the term "minimum sentence" as used in that chapter to be one year for a Class D felony. Ind.Code § 35–50–2–1(c)(5).

Snider claims Indiana Code section 35–50–2–7 defines the minimum sentence for a Class D felony as six months and, thus, the statute requires a different result than that reached by the trial court. Section 35–50–2–7 provides that "[a] person who commits a Class D felony shall be imprisoned for a fixed term of one and one-half years with ... not more than one year subtracted for mitigating circumstances." Ind.Code § 35–50–2–7(a). Under this general provision regarding presumptive sentences, therefore, it appears the minimum sentence for a Class D felony is effectively six months. Although this general statute renders a minimum sentence, the sentence administered by the trial court corresponds to the specific statute on suspended sentences. Therefore, as defined by statute and as applied to this particular case, the "minimum sentence" is a specialized term of art.

■ Additionally, the statute cited by Snider is a general statute that describes sentence parameters. As such, it does not address suspended sentences which are described in the specific statute that the trial court referred to when it sentenced Snider. When general and specific statutes conflict in their application to a particular subject matter, the specific statute will prevail over the general statute. *WorldCom Network Servs., Inc. v. Thompson*, 698 N.E.2d 1233, 1239 (Ind.Ct.App. 1998), *trans. denied.* Thus, the trial court properly sentenced Snider and correctly applied the specific statute that addresses suspended sentences and refers to the minimum sentence, which is defined by statute as one year.[1]

---

1. Snider argues that his case is analogous to *Antcliff v. State*, 688 N.E.2d 166 (Ind.App. 1997). In *Antcliff*, our court held that the trial court improperly sentenced Antcliff to serve more than the presumptive sentence allowed under Indiana Code section 35–50–2–7. Snider's case can be distinguished from *Antcliff* because the timing of Snider's prior conviction permits the trial court to apply the specific statute that addresses suspended sentences. Thus, *Antcliff*, does not apply to Snider's case and is not dispositive of the issue raised herein.

Here, the evidence is limited because transcripts of hearings were not submitted on appeal.[2] Despite the lack of transcript, in its sentencing order, the trial court specifically stated that the one year of in-home detention was not suspendable. We presume the trial court knew the law because when the trial court sentenced Snider, it explicitly cited the specific statute regarding suspended sentences. Therefore, the trial court properly sentenced Snider to a non-suspendable sentence of one year for the Class D felony conviction.

### Conclusion

The trial court correctly sentenced Snider according to the statute that specifically addresses suspended sentences for Class D felonies. Accordingly, the trial court's judgment is affirmed.

Affirmed.

BROOK and VAIDIK, JJ., concur.

**2.** Without a record of the hearings, we cannot infer the reasons for the trial court's sentence. Therefore, our analysis of this case is limited to a de novo review of the general and specific statutes. Additionally, the State argues that this court should dismiss Snider's claim because Snider waived appellate review when he did not file a record which includes a transcript of the sentencing hearing. On April 30, 2001, this court denied the State's motion to dismiss this appeal which argued that Snider waived appellate review. Because the waiver issue has already been decided, we refuse to reconsider it in this opinion.