**Jeremy RISNER, Appellant–Petitioner,**

v.

**INDIANA PAROLE BOARD,
Appellee–Respondent.**

No. 67A01–0206–CV–230.

Court of Appeals of Indiana.

Nov. 22, 2002.

Jeremy Risner, Greencastle, IN, Appellant Pro se.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Jeremy Risner was released on parole from the Indiana Department of Correction on September 9, 2000. His parole was subsequently revoked and he appeals this decision. We affirm.

### Issue

Risner raises a single issue for our review, which we restate as whether the trial court properly determined that Risner's parole revocation hearing was timely conducted under Indiana Code section 11–13–3–10.

### Facts and Procedural History

Risner was released from the Indiana Department of Correction to parole on September 9, 2000.[1] On June 9, 2001, Risner was arrested for operating a vehicle as a habitual traffic violator, a Class D felony, and failure to stop after an accident resulting in injury, a Class B misdemeanor. Two days later, the Parole Board issued a warrant for Risner's arrest. On September 28, Risner was sentenced to eighteen months in the Indiana Department of Correction on the habitual traffic violator offense and the abstract of judgment was signed October 2. The following day, Risner's parole agent recommended revocation of Risner's parole. A hearing

---

1. On March 9, 1992, Risner was sentenced to eight years in the Indiana Department of Correction by the LaPorte Circuit Court for driving while intoxicated causing a death. On April 4, 1992, Risner was sentenced by the Starke Circuit Court to one year for operating a vehicle while intoxicated with his sentence to be served consecutively to his eight-year sentence. On July 9, 1996, Risner was released on parole for the first time. On June 6, 1997, Risner's parole agent reported he had been arrested for resisting law enforcement, operating a vehicle while intoxicated, and habitual substance offender, for which the Starke Circuit Court imposed a total of six years imprisonment. On January 22, 1998, Risner's parole was revoked based on the three criminal convictions. He remained in prison until September 9, 2000.

was conducted November 29 and Risner's parole was revoked.

Risner filed a habeas corpus petition which the trial court considered as a petition for post-conviction relief. The trial court did not hold a hearing and summarily denied Risner's petition for post-conviction relief. This appeal ensued.

### Discussion and Decision

### I. Standard of Review

■ The trial court treated Risner's habeas corpus petition as a petition for post-conviction relief and decided the matter on summary disposition.[2] In situations in which entitlement to immediate release is not also alleged, a petition alleging that parole has been improperly revoked is properly treated as a petition for post-conviction relief. *See Hawkins v. Jenkins,* 268 Ind. 137, 139, 374 N.E.2d 496, 498–99 (1978).

■ On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Martin v. State,* 740 N.E.2d 137, 139 (Ind.Ct.App.2000), *trans. denied.* A party appealing from a negative judgment must establish that the evidence is without conflict and, as a whole, points unmistakably and unerringly to a conclusion contrary to that of the post-conviction court. *Id.* We accept the trial court's findings of fact unless they are clearly erroneous, but we do not defer to the trial court's conclusions of law. *Id.* We examine only the probative evidence and reasonable inferences that support the post-conviction court's determination and we do not reweigh the evidence or judge witness credibility. *Id.*

### II. Timeliness of Parole Revocation Hearing

■ Risner contends that his parole revocation hearing was untimely because it was more than sixty days after he was sentenced. Risner relies on Indiana Code section 11–13–3–10 which states:

(a) Parole revocations hearings shall be conducted as follows:

(1) A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available to the department by a jail or state correctional facility, if:

(A) there has been a final determination of any criminal charges against the parolee; or

(B) there has been a final resolution of any other detainers filed by any other jurisdiction against the parolee.

Ind.Code § 11–13–3–10(a)(1). Risner argues that he was sentenced on September 28 and his parole revocation hearing was not until November 29, which is outside the sixty days allotted for the hearing. The State, however, argues that the hearing's sixty-day clock does not begin to run until the abstract of judgment is signed because the parolee is not made available until that date.

■ Interpretation of a statute is a matter of law which we review de novo. *Snider v. State,* 753 N.E.2d 721, 722 (Ind. Ct.App.2001), *trans. denied.* The cardinal

---

2. A trial court may dispose of a post-conviction case on summary disposition when it appears from the pleadings, depositions, interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Post–Conviction Rule 1, § 4(g). The necessity of an evidentiary hearing is avoided when the pleadings show only issues of law. *Clayton v. State,* 673 N.E.2d 783, 785 (Ind.Ct. App.1996).

rule of statutory construction is to determine and give effect to the true intent of the legislature. *Id.* To do this we interpret the statute according to the ordinary and plain meaning of the language used, absent a clearly manifested purpose to do otherwise. *Id.*

Here, the dispute is over the phrase "after the parolee is made available to the department by a jail or state correctional facility." Ind.Code § 11–13–3–10(a)(1). Risner argues that he was made available after his sentencing and the State contends that Risner was not available to the Department of Correction until after all of the paperwork, including the Abstract of Judgment, was completed.

Under Indiana law, a trial court must complete certain paperwork before the charges are finally determined and a parolee is made available to the Department of Correction. In addition to a sentencing order, the trial court must execute a judgment. Ind.Crim. Rule 15.1. Additionally, Indiana Code section 35–38–3–2 requires that a trial court certify the judgment of conviction to the receiving authority and provides for the content of that certification. In Indiana, trial courts use the Abstract of Judgment to convey the final judgment to the receiving authority.

Therefore, it is the Abstract of Judgment which embodies the final judgment of the trial court. Until the Abstract is signed by the judge and custody is given to the Department of Correction, the parolee is not available to the department. Therefore, the sixty-day clock in section 11–13–3–10 does not begin to run until the trial court signs the Abstract of Judgment.

Risner contends that the proper date to use for purposes of section 11–13–3–10 is the date of sentencing. To support this contention, he cites the Indiana Bureau of Motor Vehicle's Notice of Suspension which states that he was found guilty of operating as an habitual traffic violator on September 28. The State does not dispute that Risner was found guilty on September 28; however, section 11–13–3–10 states that the sixty days began when Risner was made available to the Department of Correction, not the date when Risner was sentenced. Here, the Abstract of Judgment was signed on October 2, 2001, and given to the Department of Correction, a receiving authority. This is the date that Risner was made available to the Department of Correction. Risner's parole revocation hearing was conducted on November 29. Therefore, the hearing was timely.

### Conclusion

Because the sixty-day clock in section 11–13–3–10 does not begin to run until the Abstract of Judgment is signed by the trial court, Risner's hearing was timely. Risner's parole revocation is affirmed.

Affirmed.

RILEY, J., and MATTINGLY–MAY, J., concur.