**Samuel I. CROW, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 87S01–0403–CR–119.

Supreme Court of Indiana.

March 10, 2004.

Samuel I. Crow, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 87A01–0301–CR–0005.

DICKSON, Justice.

Eleven months after his 2001 convictions and fifteen-year sentence for six counts of theft, the defendant filed a motion to correct sentence alleging that the trial court failed to grant him credit time in addition to actual time served.[1] In its denial of the motion, the trial court "suggest[ed] the defendant consult with the [Department of Correction] concerning their assignment of credit time." Appellee's Appendix at 6. Upon the defendant's appeal from the denial of his motion, the Court of Appeals reversed and remanded, instructing the trial court to issue a corrected abstract of judgment. *Crow v. State,* 797 N.E.2d 319, 325 (Ind.Ct.App.2003). We grant the State's petition to transfer to resolve this case in accord with our opinion today in *Robinson v. State,* 805 N.E.2d 783, 2004 WL 434202 (Ind.2004).

The trial court's judgment of conviction imposing sentence stated: "defendant is entitled to 179 days of credit time." Appellee's Appendix at 5. This was the only language in the judgment relating to the time spent in pre-sentence confinement or the credit time earned. The Department of Correction's abstract of judgment form completed by the trial judge in this case[2] included the following relevant part:

PART 3: JUDGE'S RECOMMENDATIONS

. . .

---

1. Neither party's Appendix contains a copy of the motion to correct sentence, but the briefs filed by both the defendant and the State agree as to the nature of the claim made therein. Br. of Appellant at 1; Br. of Appellee at 2.

2. The abstract of judgment form here significantly differs from the one used in *Robinson.*

Class One Credit:   YES _____   NO   x

Credit days:        179

Appellee's Appendix at 9.

■ In *Robinson*, we hold that the "judgment of conviction, not the abstract of judgment, is controlling." *Robinson*, 805 N.E.2d at 794. While a motion to correct sentence may be used to address facial errors in a sentencing judgment, it is not available to challenge entries or omissions in an abstract of judgment. *Id.*

■ The trial court's sentencing judgment statement that "defendant is entitled to 179 days of credit time" falls somewhat short of the statutory requirement that the judgment must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind.Code § 35–38–3–2(b)(4). This statute requires that the trial court's judgment of conviction separately include both the amount of time spent by the defendant in confinement prior to imposition of sentence and also the amount of credit time earned in accordance with the defendant's credit time class. *Robinson*, 805 N.E.2d at 789–90. In the interests of facilitating the fair and expeditious resolution of appellate litigation, however, we note in *Robinson* that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.* at 792.

From the trial court's entry that the defendant "is entitled to 179 days of credit time," it is unclear whether "179" represents the number of pre-sentence days spent in confinement, the amount of credit time under Class I, or the amount of credit time following a reduction in credit time class or deprivation of credit time during pre-sentence confinement.[3] If the number of days spent in pre-sentence confinement had been clearly indicated, an equal amount of additional credit time would be presumed. We find entry in this case, however, to be sufficiently ambiguous so as to constitute an erroneous sentence on the face of the judgment of conviction.

The State argues that the trial court does not have jurisdiction to grant credit time for time spent in pre-sentence confinement. We reject this argument today in *Robinson*, noting that the trial court has a statutory obligation to include this determination in its sentencing judgment, but acknowledging that the Department of Correction may thereafter modify such pre-sentence credit time determination. *Id.* at 791–92.

We reverse the judgment of the trial court denying the defendant's motion to correct sentence and remand for correction in accordance with this opinion.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

3. In contrast, we found presumptive compliance in the language of the sentencing judgment in *Washington v. State*, 805 N.E.2d 792, 2004 WL 434207 (Ind.2004), also handed down today, in which the judgment stated: "The defendant is given credit for 140 days pretrial confinement time." *Id.* at 796. Unlike the judgment in *Washington*, which refers to the time spent in confinement, the judgment in the present case is unclear regarding the length of time served by Crow before the final judgment.