**Floyd F. LAYCOCK, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**Teodoro V. Garcia, Appellant (Defendant below),**

v.

**State of Indiana, Appellee (Plaintiff below).**

**James F. Glass, Sr., Appellant (Defendant below),**

v.

**State of Indiana, Appellee (Plaintiff below).**

Nos. 11S04–0403–PC–117, 45S03–0403–PC–116, 49S02–0403–PC–115.

Supreme Court of Indiana.

March 10, 2004.

Lloyd F. Laycock, Bunker Hill, IN, Appellant Pro Se.

Teodoro V. Garcia, Bunker Hill, IN, Appellant Pro Se.

James F. Glass, Sr., Bunker Hill, IN, Appellant Pro Se.

Stephen R. Carter, Attorney General, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS; NOS. 11A04–0305–PC–245, 45A03–0305–PC–198, 49A02–0307–PC–636.

DICKSON, Justice.

We address these three cases in a single consolidated opinion because of their procedural similarity and because they present the same issue. Defendants Floyd F. Laycock, Teodoro V. Garcia, and James F. Glass each seek transfer from an order of the Court of Appeals dismissing their respective appeals. Each appeal sought to challenge the denial of a motion to correct sentence, challenging the trial court's failure to designate on the abstract of judgment the amount of credit time earned for pre-sentence confinement. In each of these cases, the defendants had previously completed a post-conviction proceeding. Treating the motions to correct sentence as successive petitions for post-conviction relief, the Court of Appeals dismissed the appeals on grounds that the defendants each failed to comply with Indiana Post–Conviction Rule 1(12), which permits the filing of such successive petitions only upon prior authorization by the court. As to each case, we grant transfer and affirm the judgment of the trial court.

■ As we hold today in *Robinson v. State,* 805 N.E.2d 783, 2004 WL 434202

(Ind.2004), a motion to correct sentence pursuant to Indiana Code § 35–38–1–1 asserting a claim that is susceptible to determination from the face of the sentencing judgment is not in the nature of a post-conviction proceeding and is not subject to the requirement for prior authorization in P–C R. 1(2). *Id.* at 786–87. The defendants' appeals are not subject to dismissal on this ground.

Each of these appeals is grounded upon the claim that the trial court's entries on the Department of Correction's abstract of judgment form violated Indiana Code § 35–38–3–2(a) which requires the sentencing judgment to include the time spent in pre-sentence confinement and also the amount of credit time earned for said confinement. Each defendant's appeal complains only of this omission in the abstract of judgment and does not allege any omission in the trial court's sentencing judgment. Entries in the abstract of judgment may not be challenged by a motion to correct sentence. *Robinson v. State*, 805 N.E.2d at 793–95. For this reason, the trial courts did not err in rejecting the motion to correct sentence filed by each of these defendants

The judgment of the trial court is affirmed in each case.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.