**Reginald L. WARD, Appellant–Petitioner,**

v.

**INDIANA PAROLE BOARD, et al., Appellee–Respondent.**

No. 32A05–0310–CV–499.

Court of Appeals of Indiana.

April 7, 2004.

Reginald L. Ward, Plainfield, IN, for Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Kelly B. Smith, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Reginald Ward's ("Ward") *Habeas Corpus* Petition was denied in Hendricks Circuit Court. Ward appeals, raising the following restated issue for review: Whether his parole revocation hearing was conducted within sixty days of his extradition. Concluding Ward's revocation hearing was timely, we affirm.

### Facts and Procedural History

On October 9, 2001, Ward was sentenced to four years for a Class C felony forgery conviction. Ward was paroled on February 8, 2003, declared delinquent on February 12, 2003, arrested in Illinois on May 10, 2003, extradited to Indiana on May 12, 2003, and given a parole revocation hearing on July 11, 2003.

On August 11, 2003, Ward filed a *habeas corpus* petition alleging his parole revocation hearing was not timely. Ward's petition was converted to a petition for post conviction relief and denied. Ward now appeals.

### Discussion and Decision

At issue in this case is whether the extradition date should be counted when determining whether a revocation hearing was conducted within sixty days of extradition.

Indiana Code section 11–13–3–10(a)(1) states in part,

(a) Parole revocation hearings shall be conducted as follows:

    (1) A parolee who is confined due to an alleged violation of parole shall be afforded a parole revocation hearing within sixty (60) days after the parolee is made available ...

Ind.Code § 11–13–3–10(a)(1) (2001). Indiana Trial Rule 6(A) states in part:

In computing *any period of time* prescribed or allowed ... *by any applicable statute,* the day of the [event] from which the designated period of time begins to run *shall not* be included.

Ind. Trial Rule 6(A) (emphasis added).

Ward asserts *Risner v. Indiana Parole Board* states "the sixty-day clock in section 11–13–3–10 does not begin to run until the trial court signs the Abstract" and this statement indicates that the sixty-day clock begins to run on the date of the triggering event. 779 N.E.2d 49, 52 (Ind. Ct.App.2002), *trans. denied.* We decline Ward's invitation to apply *Risner.*[1] The applicability of Trial Rule 6(A) was not raised in *Risner,* and for that reason the case has little precedential value. Furthermore, because of Trial Rule 6(A)'s clear indication that the extradition date should not be counted, little short of guidance from our supreme court could convince us of the contrary.

Indiana Code section 11–13–3–10(a)(1)'s sixty-day clock did not begin to run until the day after Ward's extradition. Accordingly, the trial court's determination that Ward's parole revocation was conducted within sixty days was correct.[2]

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.

---

**1.** *Risner* does not necessarily entitle Ward to relief. *Risner's* language does not indicate that the sixty-day clock begins to run on the *date* of the signing; rather, *Risner* indicates the sixty-day clock begins to run the *moment* of the signing. Accordingly, under *Risner,* Ward's sixty-day clock would not have tolled on midnight of July 10, 2003 but on July 11,

2003 at the time corresponding to his extradition.

**2.** Ward also challenges the trial court's conversion of his petition into a petition for post-conviction relief. Because "sixty days" is "sixty days" under either claim, we need not address this issue.