**Daniel C. PORTEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–0212–PC–595.

Court of Appeals of Indiana.

April 20, 2004.

Daniel C. Portee, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Daniel C. Portee (Portee) appeals the trial court's denial of his Motion to Correct Erroneous Sentence. The sole issue presented for review is: Did the trial court err in denying Portee's motion seeking good time credit for the 158 days he spent in jail before sentencing?

We affirm.

The facts demonstrate that on March 6, 2000, the State charged Portee with resisting law enforcement, battery by bodily waste, operating a vehicle while intoxicated, two counts of criminal recklessness, and failure to stop after an accident resulting in bodily injury. While imprisoned awaiting trial and sentencing, Portee was assigned to Class I credit time pursuant to Ind.Code Ann. § 35–50–6–4(a) (West, PREMISE through 2003 1st Regular Sess.). A jury convicted Portee of operating a vehicle while intoxicated and two counts of criminal recklessness. On August 4, 2000, the trial court sentenced Portee to six months in the Department of Correction (DOC) on each of the three counts, the sentences to run consecutively. Portee's Abstract of Judgment noted: "Number of days confined prior to sentencing: 158." *Appellant's Appendix* at 13.

On October 21, 2002, Portee filed a motion to correct erroneous sentence asserting that the trial court failed to award good time credit in addition to the actual time served in jail awaiting trial and sentencing as required by Ind.Code Ann. § 35–38–3–2(b)(4) (West, PREMISE through 2003 1st Regular Sess.). The trial

court denied Portee's motion. On appeal, Portee contends the trial court's failure to include 158 days of good time credit in his Abstract of Judgment as required by statute rendered his sentence facially erroneous. Portee requests that his Abstract of Judgment be amended to reflect 316 days (158 days of good time credit in addition to 158 days actually imprisoned) credited towards his sentence.

The issues raised by the instant appeal were previously addressed by this court with conflicting results. *Compare, e.g., Robinson v. State,* 789 N.E.2d 965 (Ind.Ct. App.2003) (holding the trial court lacked authority to grant or deny defendant credit time), *vacated, Robinson v. State,* 805 N.E.2d 783 (Ind.2004), *with Crow v. State,* 797 N.E.2d 319 (Ind.Ct.App.2003) (holding trial court must determine if defendant is entitled to credit time at time of sentencing), *vacated, Crow v. State,* 805 N.E.2d 780 (Ind.2004). Recognizing this disagreement, in a series of recent opinions, our supreme court has provided authoritative guidance.

In *Robinson,* our supreme court held that I.C. § 35–38–3–2, the judgment of conviction statute, requires a trial court to include separately in its judgment both the time served before imposition of a sentence and the amount of good time credit earned in accordance with a defendant's credit class. *Robinson v. State,* 805 N.E.2d 783 (Ind.2004). To facilitate fair and expeditious resolution of appeals arising from sentencing judgments the court established an appellate presumption:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days. In the event of any pre-sentence deprivation of credit time, the trial court must report it in the sentencing judgment. Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

805 N.E.2d at 792. Additionally, in *Robinson,* the court overruled caselaw holding that an abstract of judgment and a judgment of conviction or sentencing judgment were synonymous. *Id.*[1] The court held that the judgment of conviction, rather than the abstract of judgment, is the official court record and the controlling document under I.C. § 35–38–3–2. *Id.* Therefore, the court held that a motion to correct an erroneous sentence may not be used to challenge omissions in an abstract of judgment. *Id. See also Jackson v. Indiana,* 2004 WL 453510, 806 N.E.2d 773 (Ind.2004) ("[a] motion to correct sentence may not be used to challenge entries or omissions in an abstract of judgment"); *Laycock v. State,* 805 N.E.2d 796, 798 (Ind.2004) ("[e]ntries in the abstract of judgment may not be challenged by a motion to correct sentence").

Two additional decisions handed down by our supreme court in conjunction with *Robinson* clarified the applicability of the appellate presumption quoted above. In *Washington v. State,* 805 N.E.2d 795 (Ind. 2004), appellant-defendant had not yet filed a brief when the Court of Appeals dismissed his appeal, so it was unclear on

---

1. *Hatchett v. State,* 794 N.E.2d 544 (Ind.Ct. App.2003), and *Risner v. Indiana Parole Bd.,* 779 N.E.2d 49 (Ind.Ct.App.2002), were overruled to the extent they held the DOC's abstract of judgment was the judgment of conviction. *Robinson v. State,* 805 N.E.2d 783 (Ind.2004).

transfer if appellant-defendant was challenging the judgment of conviction or abstract of judgment. Regardless, the court reviewed the sentencing judgment and found it adequately designated pre-sentence jail time in accordance with *Robinson:* " 'The defendant is given credit *for 140 days pretrial confinement.*' (emphasis added)....[T]he defendant's sentencing judgment establishes that he is entitled to 140 days credit for time spent in pre-trial confinement plus 140 days of credit time." *Washington v. State,* 805 N.E.2d 795, 796. In *Crow v. State,* 805 N.E.2d 780 (Ind. 2004), however, the court reversed the trial court's dismissal of defendant's motion to correct erroneous sentence because the judgment of conviction ambiguously noted that Crow was "entitled to 179 days of credit time." 805 N.E.2d at 782. As the court explained:

> From the trial court's entry that the defendant is entitled to "179 days of credit time," it is unclear whether "179" represents the number of pre-sentence days spent in confinement, the amount of credit time under Class I, or the amount of credit time following a reduction in credit time class or deprivation of credit time during pre-sentence confinement. If the number of days spent in pre-sentence confinement had been clearly indicated, an equal amount of additional credit time would be presumed. We find entry in this case, however, to be sufficiently ambiguous so as to constitute an erroneous sentence on the face of the judgment of conviction.

805 N.E.2d at 782.

In the instant case, Portee asserts that the trial court improperly denied his motion to correct erroneous sentence

because his abstract of judgment failed to include good time credit as required by I.C. § 35-38-3-2. Based on *Robinson* and its companion cases, we affirm the trial court's denial of Portee's motion—omissions in an abstract of judgment may not be challenged by a motion to correct sentence.[2]

Judgment affirmed.

RILEY, J., and SULLIVAN, J., concur.

---

2. We note, however, that even if Portee had challenged his judgment of conviction, the trial court's entry on Portee's sentencing order indicates, "Defendant is granted credit for 158 days served in jail." Based on *Washington* and *Crow,* this language is adequate to establish the appellate presumption created by *Robinson.*