KENNETH E. APT, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 02A04-0608-CR-466
Court of Appeals of Indiana.
December 18, 2006
KENNETH E. APT, Tell City, Indiana, APPELLANT PRO SE.
STEVE CARTER, Attorney General of Indiana, RICHARD C. WEBSTER, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
BAILEY, Judge.

Case Summary
Appellant-Defendant Kenneth E. Apt ("Apt") appeals the summary denial of his Motion to Correct Erroneous Sentence. We affirm.

Issue
Apt presents a single issue for review: whether his sentence is erroneous because the Abstract of Judgment did not specify the amount of good time credit earned by Apt during his pre-trial incarceration.

Facts and Procedural History
Apt was convicted of Receiving Stolen Auto Parts, a Class C felony.[1] On September 27, 2004, he was sentenced to six years imprisonment. On June 26, 2006, Apt filed a Motion to Correct Erroneous Sentence and attached an Abstract of Judgment showing that he had been confined fifty-four days prior to his sentencing. Apt alleged that his sentence was erroneous because the trial court specified only time served of fifty-four days and failed to additionally award him earned good time credit of fifty-four days, pursuant to Indiana Code Section 35-50-6-3[2] and Indiana Code Section 35-50-6-4(a).[3] On July 3, 2006, the trial court summarily denied the motion. Apt appeals.

Discussion and Decision
Apt contends that the trial court's entries on the Department of Correction's Abstract of Judgment form violated Indiana Code Section 35-38-3-2, which requires the sentencing judgment to include the time spent in pre-sentence confinement and also the amount of credit time earned for said confinement. Subsection (b)(4) specifies that the judgment must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing."
However, the judgment of conviction as opposed to the Abstract of Judgment is the official trial court record, and is thereafter the controlling document. Robinson v. State, 805 N.E.2d 783, 794 (Ind. 2004). "Sentencing judgments that report only days spent in presentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." Id. at 792.
While a motion to correct an erroneous sentence may be used to address facial errors in a sentencing judgment, it is not available to challenge entries or omissions in an Abstract of Judgment. Laycock v. State, 805 N.E.2d 796, 798 (Ind. 2004); Crow v. State, 805 N.E.2d 780, 782 (Ind. 2004); Robinson, 805 N.E.2d at 793-95. Apt complains only of an omission of credit time in the Abstract of Judgment and does not allege any omission in the trial court's sentencing judgment.[4] Accordingly, the trial court did not err in summarily denying the Motion to Correct Erroneous Sentence.
Affirmed.
VAIDIK, J., and BARNES, J., concur.
NOTES
[1] Ind. Code § 35-43-4-2.5.
[2] Indiana Code Section 35-50-6-3(a) provides: "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."
[3] Indiana Code Section 35-50-6-4(a) provides: "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I."
[4] Apt did not attach a copy of the sentencing judgment to his motion; thus, it is not included in the record on appeal.