## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2017, 8:02 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terrance L. Mitchem
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terrance L. Mitchem,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 14, 2017<br><br>Court of Appeals Case No.<br>71A05-1702-CR-415<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jane Woodward<br>Miller, Judge<br><br>Trial Court Cause No.<br>71D08-9506-CF-260 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Terrance Mitchem (Mitchem), appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

# ISSUE

Mitchem raises five issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly denied his motion to correct erroneous sentence.

# FACTS AND PROCEDURAL HISTORY

For the recitation of the facts, we rely on our supreme court's opinion in Mitchem's direct appeal:

> On June 12, 1995, [Mitchem] and two codefendants, Michael Greer and Dorian Lee, armed with weapons, entered a home occupied by four adults. [Mitchem] raped the two female occupants. [Mitchem] then told the four occupants to line up against the wall with their backs towards [him], Greer[,] and Lee. [Mitchem] then changed his mind and told the occupants to turn around to face [him] and to kneel. Greer, Lee, and [Mitchem] opened fire on all four occupants. One victim died and the other three survived.

*Mitchem v. State*, 685 N.E.2d 671, 673 (Ind. 1997). On June 14, 1995, Mitchem was charged with murder; burglary, a Class B felony; three Counts of attempted murder, Class A felonies; two counts of rape, Class A felonies; and one Count

of criminal deviate conduct, a Class A felony. On December 11, 1995, a jury acquitted Mitchem of the burglary offense, but convicted him of all other charges. On January 11, 1996, the trial court sentenced Mitchem to fifty-five years for murder; and concurrent thirty-five years on each of the three Counts of attempted murder, two Counts of rape, and one Count of criminal deviate conduct. Mitchem's fifty-five-year murder sentence was to be served consecutively with his other sentences, for an aggregate sentence of ninety years. On September 5, 1997, our supreme court affirmed Mitchem's conviction and sentence on direct appeal. *Id*. at 680.

[5]     On January 8, 2001, Mitchem filed a petition for post-conviction relief. Due to changes of counsel, recusal of the initial post-conviction judge, and various continuances, the post-conviction court did not commence an evidentiary hearing on Mitchem's petition until December 4, 2009. During that time, the post-conviction court observed that the chronological case summary had included a notation that an amendment to the petition was anticipated, but had not been filed. Therefore, the post-conviction court directed Mitchem's post-conviction counsel to clarify the issues as presented in Mitchem's original *pro se* petition for post-conviction relief. Accordingly, Mitchem's counsel restated the claims as follows: (1) whether trial counsel was ineffective for abandoning an issue regarding suppression of a firearm; (2) whether an adequate record was made to preserve an error relating to the requirement of specific intent to kill (as related to attempted murder offenses); (3) alleged fundamental error in jury instructions; (4) whether appellate counsel was ineffective for failing to raise an

argument regarding the jury instructions; and (5) whether appellate counsel was ineffective for omitting a sentencing argument as to a mitigating circumstance. On August 17, 2011, the post-conviction court issued its findings of fact, conclusions of law, and order denying Mitchem's post-conviction relief. Mitchem appealed, claiming that he was denied procedural due process because the post-conviction court addressed, in its findings of fact, conclusions of law, and order, issues presented by his post-conviction counsel at the post-conviction hearing, as opposed to issues he had delineated in his original *pro-se* petition for post-conviction relief. This court denied Mitchem's appeal. *See Mitchem*, No. 719A03-1110-PC-497, *slip op*. at 2. On December 16, 2016, Mitchem filed a *pro se* motion to correct erroneous sentence. On January 24, 2017, the State filed its response. On February 9, 2017, the trial court denied Mitchem's motion.

[6] Mitchem now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[7] Mitchem appeals the trial court's denial of his motion to correct erroneous sentence. We review a decision on a motion to correct erroneous sentence for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of this statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State,* 805 N.E.2d 783, 785 (Ind. 2004) (quoting *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991)). As such, a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.*

[8] In his *pro se* appellate brief, Mitchem makes five arguments, two of which the State argues are not appropriate for a motion to correct erroneous sentence. We agree. For example, Mitchem challenges his murder sentence, claiming that it violates *Blakely v. Washington*, 542 U.S. 296, 301 (2004), which holds that "the facts used to support an enhanced sentence, other than the fact of a prior conviction, must be found by a jury or admitted by a defendant." *Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006) (citing *Blakely*, 542 U.S. at 301). But "a *Blakely* claim is not the type of claim which may be brought through a motion to correct erroneous sentence" because it would require us to "look beyond the face of the judgment to see if imposition of an enhanced

sentence was based upon facts determined through constitutionally permissible channels." *Fulkrod*, 855 N.E.2d at 1067.

[9] In addition, Mitchem argues that the trial court abused its statutory sentencing authority by ordering him to serve his fifty-five-year murder sentence consecutive to his concurrent thirty-five-year sentences for his three Class A felony attempted murder convictions. Although phrased differently, this is an issue that was determined by our supreme court on direct appeal. *See. Mitchem*, 685 N.E.2d at 680 (holding that to "impose consecutive sentences, there must be at least one aggravator" and in Mitchem's case there were several aggravators present, *i.e.* "(1) the number of times the victims were shot; (2) the victims were asked to helplessly kneel before [Mitchem] and face [Mitchem] while he deliberately executed the victims; and (3) the female victims were repeatedly raped and forced to perform deviate sexual acts")

[10] Looking at the remainder of Mitchem's three arguments, we find them appropriate for a motion to correct erroneous sentence. First, Mitchem claims the trial court applied the wrong sentencing statute with regard to his murder conviction. Secondly, Mitchem asserts that his thirty-five-year sentences for the attempted murder convictions were not within the statutory sentencing range. Lastly, Mitchem claims that the Abstract of Judgement shows an omission with regards to his additional credit time of 213 days earned prior his sentencing. We will address each issue in turn.

## II. *Applicable Sentencing Statute*

[11] Mitchem contends that the trial court applied the wrong version of the murder sentencing statute (I.C. § 35-50-2-3(a) (1995), P.L. 148-1995 (effective July 1995)), when it imposed the fifty-five-year sentence for the murder conviction. To address this claim, we must discuss in some detail a confusing period in the history of Indiana's murder sentencing statute, Indiana Code section 35-50-2-3.

[12] As explained by our supreme court in *Smith v. State*, 675 N.E.2d 693, 695 (Ind. 1996), the Indiana General Assembly amended the murder sentencing statute twice in 1994. The first amendment raised the presumptive sentence for murder from forty to fifty years, but reduced the possible enhancement from twenty to ten years. *Id. See* P.L. 164-1994[1] (approved March 11, 1994 and effective July 1, 1994). In other words, the presumptive sentence was raised, but the maximum sentence remained unchanged. *See id.* at 697. The second amendment "allowed for the exclusion of mentally retarded individuals from the death or life imprisonment without parole sentencing option of the sentencing statute, but did not incorporate the raised presumptive sentence of

---

[1] The amendment read:

SECTION 2. IC 35–50–2–3 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 1994]: Sec. 3 (a) A person who commits murder shall be imprisoned for a fixed term of ~~forty (40)~~ **fifty (50)** years, with not more than ~~twenty (20)~~ **ten (10)** years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances; in addition, the person may be fined not more than ten thousand dollars ($10,000).

(b) Notwithstanding subsection (a), a person who was at least sixteen (16) years of age at the time the murder was committed may be sentenced to:

(1) death; or

(2) life imprisonment without parole; under section 9 of this chapter.

the first amendment. *Id.* at 695. *See* P.L. 158-1994 (approved March 15, 1994 and effective July 1, 1994).[2] This situation was corrected on May 5, 1995, when the General Assembly incorporated the higher presumptive sentence from the first amendment with the other provisions of the second amendment[3]. *Id.* But for those who committed murder after the amendments became effective but before the situation was corrected, "there were two different [murder sentencing statutes] in effect, each with a different presumptive sentence." *Id.* The

---

[2] SECTION 5. IC 35–50–2–3 IS AMENDED TO READ AS FOLLOWS [EFFECTIVE JULY 1, 1994]: Sec. 3 (a) A person who commits murder shall be imprisoned for a fixed term of forty (40) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances; in addition, the person may be fined not more than ten thousand dollars ($10,000).

(b) Notwithstanding subsection (a), a person who was at least sixteen (16) years of age at the time the murder was committed may be sentenced to:

(1) death; or

(2) life imprisonment without parole;

under section 9 of this chapter unless a court **determines under IC 35-36-9 that the person is a mentally retarded individual.**

[3] As noted, the General Assembly finally corrected the problem on May 5, 1995 when it amended the Indiana Code to make technical corrections. The amendment read as follows:

SECTION 128. IC 35–50–2–3, AS AMENDED BY P.L. 158–1994, SECTION 5 AND P.L. 164–1994, SECTION 2, IS CORRECTED TO READ AS FOLLOWS [EFFECTIVE UPON PASSAGE]: Sec. 3.(a) A person who commits murder shall be imprisoned for a fixed term of ~~forty (40)~~ *fifty (50)* years, with not more than ~~twenty (20)~~ *ten (10)* years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances; in addition, the person may be fined not more than ten thousand dollars ($10,000).

(b) Notwithstanding subsection (a), a person who was at least sixteen (16) years of age at the time the murder was committed may be sentenced to:

(1) death; or

(2) life imprisonment without parole;

under section 9 of this chapter unless a court determines under IC 35-36-9 that the person is a mentally retarded individual.

P.L. 2–1995 (approved May 5, 1995).

question before the court in *Smith* was which statute to apply to those who committed murder when both statutes were in effect.

[13] The defendant in *Smith* pleaded guilty to murder, and the parties agreed that the defendant would receive a sentence of no more than fifty years executed. *Id.* At the plea hearing, the parties appeared to agree that the fifty-year presumptive sentencing statute applied. *Id.* at 696. At sentencing, however, the defendant argued that the forty-year sentencing statute was appropriate. *Id.* On appeal, our supreme court agreed with the defendant, holding that when sentencing for murders committed between July 1, 1994 and May 5, 1995, trial courts must employ the statute which prescribes a forty-year presumptive sentence and allows an enhancement of up to twenty years.

[14] The long-standing rule that the sentencing statute in effect at the time a crime is committed governs the sentence for that crime. *Gutermuth v. State*, 868 N.E.2d 427, 431 n. 4 (Ind. 2007). Thus, on June 12, 1995, the day Mitchem committed the murder, the presumptive sentence for murder was fifty years with a possible enhancement of ten years. *See* P.L. 164-1994. Mitchem's argument that P.L. 158-1994, providing for a forty-year presumptive sentence was the applicable statute, lacks merit.

### III. *Statutory Range*

[15] Next, Mitchem claims that the concurrent thirty-five-year sentences for the Class A attempted murder felonies, were not within the statutory sentencing range. Specifically, Mitchem argues that he should have been sentenced to a

fixed term of twenty-five years on each of his Class A felonies instead of thirty-five years. At the time of the instant offenses, the presumptive sentence for a Class A felony was twenty-five years, with up to twenty years added for aggravating circumstances. *See* I.C.§ 35-50-2-4 (1994). Thus, Mitchem faced a possible sentence of forty-five years on a single Count. Again, we find no merit in Mitchem's claim, and we conclude that the trial court did not abuse its discretion by denying his motion to correct erroneous sentence.

## IV. *Credit Time*

In his last argument, Mitchem claims that his sentence is erroneous because he is entitled to receive additional credit time of 213 days spent in pre-trial confinement. *See* I.C. § 35-38-3-2 (requiring the judgment of conviction to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing"). In support of his claim, Mitchem points us to the Abstract of Judgment, indicating the alleged omission.

In *Robinson v. State*, 805 N.E.2d 783, 784 (Ind. 2004), the defendant filed a motion to correct erroneous sentence asserting that the trial court's sentence improperly failed to award credit for time served and good time credit. The supreme court explained that "[i]t is the court's judgment of conviction and not the abstract of judgment that is the official trial court record and which thereafter is the controlling document. Therefore, a motion to correct erroneous sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment." *Id*. at 794. *See also Jackson v State*, 806 N.E.2d 773, 774 (Ind. 2004) ("A motion to correct sentence may not be used to

challenge entries or omissions in an abstract of judgment"); *Laycock v. State*, 805 N.E.2d 796, 798 (Ind. 2004) ("Entries in the abstract of judgment may not be challenged by a motion to correct sentence.").

Mitchem cites to the Abstract of Judgement showing that he only received 213 days of earned credit time. Mitchem claims that there was an omission in the abstract of judgment since it failed to include his additional 213 days of credit time earned during pre-sentence confinement. We recognize that Mitchem's challenge is to the abstract of judgment and not the sentencing judgment. As the court held in *Robinson*, "a motion to correct sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment." *Robinson*, 805 N.E.2d at 794. Accordingly, the trial court did not err in denying his motion.

# CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Mitchem's motion to correct erroneous sentence.

Affirmed.

Robb, J. and Pyle, J. concur