## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 16 2019, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Paul Trice
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul Trice,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

August 16, 2019

Court of Appeals Case No.
18A-CR-3014

Appeal from the Marion Superior Court

The Honorable Grant Hawkins, Judge

Trial Court Cause No.
49G05-9608-FA-120978

**May, Judge.**

[1] Paul Trice appeals the trial court's denial of his petition for jail time credit. Trice argues the trial court erred in not issuing a new Abstract of Judgment

granting him 187 days of good time credit because his original sentencing order indicated he was to receive credit for 187 days of pre-sentence time actually served, but it did not indicate he also was to receive 187 days of good time credit for serving those days. Trice cannot demonstrate the trial court erred in denying his petition, however, because his petition indicated the Department of Correction granted Trice his 187 days of good time credit. Accordingly, we affirm the trial court's denial of his petition.

# Facts and Procedural History

[2] On March 11, 1997, Trice was convicted of Class B felony aggravated battery[1] and Class D felony criminal gang activity,[2] and was found to be a habitual offender.[3] The court sentenced Trice to fifty years in prison and indicated Trice was "given 187 days credit time." (App. Vol. II at 9.) On appeal, we reversed Trice's conviction for criminal gang activity but affirmed his fifty-year sentence. *Trice v. State*, 693 N.E.2d 649, 651 (Ind. Ct. App. 1998). The trial court entered an amended abstract of judgment on April 24, 1998, to reflect the reversal of Trice's conviction for criminal gang activity. The amended abstract of judgment again stated Trice was "given 187 days credit time." (App. Vol. II at 9.)

---

[1] Ind. Code § 35-42-2-1.5 (1991).

[2] Ind. Code § 35-45-9-3 (1991).

[3] Ind. Code § 35-50-2-8 (1995).

[3] On October 6, 1999, Trice filed a petition for post-conviction relief. In June 2002, Trice moved to amend his petition for post-conviction relief. On September 18, 2002, the court heard evidence on Trice's petition and took the issue under advisement. Trice argued he had received ineffective assistance of counsel. (App. Vol. II at 64.) The post-conviction court agreed that Trice had received ineffective assistance during his trial and appeal, and it vacated Trice's conviction of aggravated battery. (*Id*. at 67.) On August 30, 2006, the Court of Appeals reinstated Trice's conviction of aggravated battery and ordered Trice to serve his fifty-year sentence in this cause number concurrent with his sentence in "Cause No. 96008575." (*Id*. at 13.)

[4] On February 20, 2018, Trice filed a motion to modify his sentence, which the trial court denied. On April 5, 2018, Trice requested permission to file a successive petition for post-conviction relief, which we authorized on June 18, 2018. The trial court forwarded Trice's petition to the public defender's office. On August 14, 2018, the public defender's office filed a notice of non-representation. On October 22, 2018, Trice filed a pro se motion to withdraw his petition for post-conviction relief without prejudice.

[5] On November 13, 2018, Trice filed a pro se petition for jail time credit, arguing the trial court, by statute, was required to indicate on Trice's sentencing order that Trice was entitled to 187 days of good time credit in addition to the 187 days of jail credit. In his memorandum of support, Trice explained:

> On August 9, 2018 Chief Deputy Defender James T. Acklin filed his Notice of Non-Representation indicating that he contacted a

> DOC sentence computation analyst and confirmed Trice was given good time credit for 187 days, and an additional 187 days jail time credit, Chief Deputy, Public Defender James T. Acklin determined that Defendant Trice did receive the proper amount of credit[.]

(*Id*. at 21.) On November 26, 2018, the trial court denied Trice's petition.

# Discussion and Decision

[6] Trice argues the trial court erred when it denied his petition for jail time credit. Trice believes the court erred in failing to grant him 187 days of good-time credit.

> When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A).

*Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). "When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable." *Id.* at 787.

[7] As Trice correctly notes, pursuant to an Indiana statute, the trial court's judgment must include "the amount of credit time earned for the time spent in confinement." Ind. Code § 35-38-3-2(4). In *Crow v. State*, 805 N.E.2d 780 (Ind.

2004), the Indiana Supreme Court held "credit time earned" under Title 35 included good time credit, *id*. at 782, such that the trial court's judgment should indicate both credit earned for actual days served *and* good time credit earned. *Id*. However, in *Robinson*, which was decided the same day as *Crow*, our Indiana Supreme Court explained:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days.

*Robinson*, 805 N.E.2d at 792.

[8] With his petition for jail time credit, Trice filed a Memorandum in Support. In that memorandum, Trice explained he was notified by the Public Defender's Office on August 9, 2018, that the Department of Correction had credited him the 187 days of good time credit on top of his 187 days of credit for actual time served. Because Trice's request for relief demonstrated he had already received the good credit time he purports to be seeking, we cannot say the trial court erred when it denied his petition. *See*, *e.g.*, *id.* at 795 (holding no abuse of discretion in denial of motion to correct sentence).

# Conclusion

[9] Because Trice provided information to the trial court showing he had received the good time credit he was seeking, the trial court properly denied his petition. Accordingly, we affirm.

[10] Affirmed.

Mathias, J., and Brown, J., concur.